GOETZ ET AL., APPELLEES, *v.* BOARD OF COUNTY COMMISSIONERS OF BUTLER COUNTY ET AL., APPELLANTS.

(No. CA85-10-129—Decided September 29, 1986.)

*Dennis Wittman,* for appellees.

*John F. Holcomb,* prosecuting attorney, and *Victoria Daiker,* for appellant board of county commissioners.

*Carl Morgenstern Co., L.P.A., Carl Morgenstern* and *Roger Gates,* for appellants John A. Schulte and Larry W. Schulte.

KOEHLER, P.J. Following a public hearing on August 30, 1984, the Butler County Board of Commissioners, on December 27, 1984, passed a resolution to vacate a portion of Cann Road in Morgan Township, Ohio. This order to vacate was to become final if no appeal was effected. On January 7, 1985, pursuant to R.C. Chapter 2506, appellees, Carl Goetz, Vera Goetz and Richard Goetz, abutting landowners to Cann Road, filed a notice of appeal in the Court of Common Pleas of Butler County. By an opinion file-stamped September 25, 1985, the court reversed the order of the county commissioners vacating Cann Road "for the reason that the Commissioners did not make a determination that it was done for the 'public convenience or welfare.' " The cause is now before this court upon a timely notice of appeal filed by appellants John A. Schulte and Larry W. Schulte who also are abutting landowners to Cann Road.

As stated above, appellees appealed from the commissioners' resolution under R.C. Chapter 2506. *Sua sponte,* this court raises the following assignment of error:

"Does an appeal lie from a resolution of a board of county commissioners granting or refusing a petition to vacate a highway under R.C. 307.56 and R.C. Chapter 2506?"

In pertinent part, R.C. 307.56, appeal from decision of board of county commissioners, provides in part:

"A person aggrieved by the decision of the board of county commissioners may appeal to the court of common pleas, as provided by and under the authority of Chapter 2506. of the Revised Code. The court shall advance such appeal when perfected for immediate trial."

R.C. 2506.01, appeal from decisions of any agency of any political subdivision, provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code * * *."

Vacations of county road cases, however, are governed by R.C. Chapter 5553. R.C. 5553.30, right of appeal, procedure, specifically provides:

"Any petitioner may appeal from the order of the board of county commissioners * * * dismissing or refusing to grant the prayer of the petition for an improvement. Any person interested may appeal from an order granting such improvement. Such appeal may be perfected in the manner provided in sections 5563.01 to 5563.17, inclusive, of the Revised Code * * *."

Additionally, we note that R.C. Chapter 5563, appeals in county road cases, prescribes a distinctive procedure on appeal. R.C. 5563.05 provides:

"If the * * * common pleas judge finds that an appeal in a road improvement case[1] has been properly perfected, and that the proceedings are substantially regular, he shall fix a

---

[1] The term "improvement" includes the vacation of a road. See, *e.g., Bomer* v. *Wood Cty. Bd. of Commrs.* (Dec. 31, 1981), Wood App. No. WD-81-50, unreported.

day, not more than twenty days after such finding, for the trial of the case by jury. Such jury shall be selected from the jurors drawn as prescribed in sections 2313.19 to 2313.26, inclusive, of the Revised Code." (Footnote added.)

R.C. 5563.10 provides:

"At the conclusion of a trial under section 5563.05 of the Revised Code, the judge shall charge the jury and the jury shall determine in its verdict whether the improvement petitioned for or granted will be conducive to the public convenience and welfare, if an order establishing the proposed improvement or dismissing or refusing to grant the prayer of the petition is appealed. The court shall make a finding for or against the improvement, based on the verdict of the jury."[2]

R.C. Chapters 5553 and 5563 must be considered as special statutes specifically dealing with the vacation of county roads and rights of appeal therefrom. Conversely, R.C. 307.56 and R.C. Chapter 2506 are general statutes. Under such circumstances, R.C. Chapter 5563 prevails and is exclusively applicable. "A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. * * *" *Acme Engineering Co.* v. *Jones* (1948), 150 Ohio St. 423, 38 O.O. 294, 83 N.E. 2d 202, paragraph one of the syllabus; *Ruprecht* v. *Cincinnati* (1979), 64 Ohio App. 2d 90, 93-94, 18 O.O. 3d 60, 62, 411 N.E. 2d 504, 507; *State, ex rel.*

---

[2] Compare with R.C. 5563.05 and 5563.10, the appellate procedures mandated by R.C. 2506.01 *et seq.* R.C. 2506.03 provides:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

"(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the * * * order * * * appealed from, and to do any of the following:

"(a) Present his position, arguments, and contentions;

"(b) Offer and examine witnesses and present evidence in support;

"(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

"(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

"(3) The testimony adduced was not given under oath;

"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the * * * order, adjudication, or decision appealed from. * * *"

R.C. 2506.04 provides:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law * * *."

*Steller,* v. *Zangerle* (1919), 100 Ohio St. 414, 126 N.E. 413; and *State, ex rel. Elliott Co.,* v. *Connar* (1931), 123 Ohio St. 310, 175 N.E. 200, paragraph one of the syllabus. See, also, *In re Elberta etc. Roads in Perry Acres Colony Sub.* (C.P. 1947), 77 N.E. 2d 247 (An appeal from a decision of the county commissioners affecting the vacation of highways, brought under G.C. 2461 [R.C. 307.56], does not lie to the court of common pleas since such section is general and is controlled by G.C. 6891-1 *et seq.* [R.C. 5563.01 *et seq.*], which specifically provides the method of appeal to be followed in cases of granting or refusing applications for vacation or establishment of highways by the county commissioners.); *Bomer* v. *Wood Cty. Bd. of Commrs.* (Dec. 31, 1981), Wood App. No. WD-81-50, unreported (An alley vacation is a road appeal governed by R.C. Chapter 5563. R.C. 5563.05 provides for a *de novo* jury trial.); *In re Vacation of Twp. Road* (1966), 6 Ohio App. 2d 73, 35 O.O. 2d 176, 216 N.E. 2d 768 (R.C. 5553.041 provides for a special appeal from road vacation proceedings initiated by the Director of Transportation and such appeal is independent from and not governed by the provisions of R.C. 5563.01 *et seq.* R.C. 5563.01 *et seq.* relate to appeals from other road improvement proceedings before a board of county commissioners.).

On this authority, the *sua sponte* assignment of error raised above must be answered in the negative. R.C. Chapter 5563 is controlling and the court of common pleas was without power or authority to hear appellees' appeal filed under R.C. Chapter 2506. We reverse the ruling of the court below and, pursuant to App. R. 12(B), enter a final judgment for appellants.

*Judgment reversed.*

JONES and HENDRICKSON, JJ., concur.

JONES, J., concurring separately. I agree that the common pleas court's decision must be reversed and final judgment entered for appellants. I cannot, however, accept the majority's conclusion that R.C. Chapter 5563 is the exclusive vehicle for appealing a county commission's decision to vacate a public road. As noted by the majority, R.C. 5553.30 provides the procedure for appealing a decision by the board of county commissioners regarding an improvement petition. R.C. 5553.30 first notes that any interested person may appeal an order granting the improvement. It goes on to state, however, that "[s]uch appeal *may* be perfected in the manner provided in sections 5563.01 to 5563.17, inclusive, of the Revised Code * * *." (Emphasis added.) The first portion of the statute providing that any petitioner or interested person "may appeal" refers "* * * to the option of the aggrieved party to initiate an appeal, rather than implementing an option as to the proper forum for the appeal." *Davis* v. *Bd. of Review* (1980), 64 Ohio St. 2d 102, at 104, 18 O.O. 3d 345, at 346, 413 N.E. 2d 816, at 818.

The specific sentence of the statute quoted above, however, making direct reference to the appellate procedure of R.C. Chapter 5563, obviously demonstrates a legislative intention to make the procedure provisions of R.C. Chapter 5563 an alternative to those prescribed in R.C. Chapter 2506. An appeal *may* be perfected in the manner enumerated in R.C. Chapter 5563. It is not mandatory, however, that R.C. Chapter 5563 be followed in appealing a decision such as the one under current review.

Just as recently as last year, the Ohio Supreme Court in *In re Vacation of a Public Road* (1985), 18 Ohio St. 3d

80

397, 18 OBR 449, 482 N.E. 2d 570, reviewed a decision by a county board of commissioners to vacate a public road. The aggrieved party appealed the decision to the common pleas court not under R.C. Chapter 5563, but rather pursuant to R.C. Chapter 2506. Neither the parties nor the court questioned the appellate procedure utilized in that case. Since the Supreme Court saw fit not to *sua sponte* raise the issue in *In re Vacation of a Public Road, supra,* one can only assume that the high court has implicity recognized R.C. Chapter 2506 as an acceptable procedure for appealing the decision of a board of county commissioners to vacate a road. In any event, R.C. Chapters 2506 and 5563 both deal with the same subject of appellate review and should be read *in pari materia.*

The resolution passed by the Butler County Board of Commissioners for the vacation of Cann Road stated that the road had not been used by the general public for over twenty-one years and that the road had not been maintained or improved by any governmental authority during that time. These findings certainly suggest that it was in the public interest and for the "public convenience and welfare" to vacate the road, despite the absence of that specific language in the resolution. The decision to vacate a road is "within the sound discretion of the county commissioners; and, unless the record is devoid of any support for such a determination, it should not be disturbed on appeal." *In re Vacation of a Public Road, supra,* at 399, 18 OBR at 450-451, 482 N.E. 2d at 572-573.

I would find that the record supports such a finding by the Butler County Board of Commissioners and, for that reason, I would reverse the lower court and enter judgment for appellants.