OPINION
Plaintiffs-appellants Stephen W. Daulton Appointment Trust, the Daulton Family Trust, a.k.a. Susan G. Daulton Appointment Trust, Robert H. Haycraft, Barbara A. Haycraft, Eric P. Eberly, Christine M. Eberly, Edward D. Caldwell, and Melissa J. Coyer appeal the March 21, 2000 Judgment Entry of the Licking County Court of Common Pleas which granted the motions to dismiss against them. Defendant-appellee is the Board of County Commissioners, Licking County, Ohio (hereinafter "Board").
 STATEMENT OF THE CASE AND FACTS
On December 2, 1999, the Board passed Resolution 29-109, thereby establishing the center line and width of Sadie Thomas Road. This resolution was a formal adoption of the survey of the county engineer. Sadie Thomas Road runs through St. Albans and Liberty Townships. On November 1, 1999, before the Board adopted resolution 29-109, appellants sent a letter to the Boards of Trustees for St. Albans and Liberty Townships (hereinafter "Trustees") objecting to either townships' future use of eminent domain power with regard to Sadie Thomas Road. Appellants, landowners along Sadie Thomas Road, appealed this determination to the trial court in a complaint filed December 30, 1999. The complaint alleged three causes of action. The first cause of action was an administrative appeal of the Board's December 2, 1999 resolution. The second cause of action sought a writ of mandamus ordering appellee to proceed under R.C. 5553.20 to determine the true center line. Appellants' third cause of action also sought a writ of mandamus for an order finding appellee engaged in a pro tanto taking of appellants' real estate, entitling appellants to compensation under eminent domain laws. On January 31, 2000, the Board filed a Motion to Dismiss which maintained the trial court lacked subject matter jurisdiction because appellants failed to timely perfect the administrative appeal. The motion also argued appellants failed to exhaust administrative remedies, and failed to join necessary parties. On February 15, 2000, appellants filed a Motion to Strike appellee's Motion to Dismiss. Appellants maintained appellee's motion was, in reality, a motion for summary judgment and any decision should be made in accordance with Civ.R. 56. On the same date, appellants filed a Motion for Leave to Amend its Notice of Administrative Appeal. Specifically, appellants wished to amend their November 1, 1999 letter to the Trustees to include the following additional language: This letter constitutes a notice of appeal on questions of law and fact as to Licking County Commissioners Resolution 29109, adopted December 2, 1999, and incorporated herein by reference. The Stephen W. Daulton Appointment Trust and the Daulton Family Trust are appellants; and the Licking County Commissioners are appellee.
On February 24, 2000, the Trustees filed a joint Motion to Dismiss. This motion adopted the reasoning set forth in the Board's Motion to Dismiss, but added the additional ground appellants failed to state a cause of action against them. The Trustees noted the complaint made no accusation against the townships except to say that Sadie Thomas Road ran through their townships. Because the Trustees had no authority to establish the center line of the Sadie Thomas Road, and had no statutory or constitutional authority to effectuate a taking of appellants' property to widen the township road, appellants could state no cause of action against them. On March 21, 2000, the trial court granted appellees' Motion to Dismiss and denied appellants' motion for leave to file an amended notice of appeal. On March 27, 2000, appellants filed a Motion for Reconsideration and Relief from the March 21, 2000 Judgment Entry. This motion sought reconsideration only of the trial court's determination of appellants' third cause of action, in which appellants sought a finding appellees effected a pro tanto partial taking of private real estate and compensatory damages for such taking. On April 11, 2000, appellants stipulated to the dismissal of the Trustees without prejudice. The matter proceeded to an oral hearing before the magistrate. In an April 19, 2000 Magistrate's Decision with Findings of Fact and Conclusions of Law, the magistrate denied appellants' motion for reconsideration and relief from judgment. Thereafter, appellants filed a timely Notice of Appeal from the March 21, 2000 Judgment Entry, assigning the following as error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S IMPROPERLY CHARACTERIZED MOTION TO DISMISS WHEN SUCH MOTION WAS IN ACTUALITY A MOTION FOR SUMMARY JUDGMENT.
 II. BY FAILING TO RECOGNIZE THAT THE ADMINISTRATIVE APPEAL AS PLEADED WITHIN APPELLANTS' FIRST CAUSE OF ACTION AND THE REQUESTED WRIT OF MANDAMUS OF THE SECOND CAUSE OF ACTION ARE SEPARATE AND DISTINCT CAUSES OF ACTION AND IN NO WAY IMPACT APPELLANTS' ABILITY TO PURSUE COMPENSATION FOR PRO TANTO PARTIAL TAKING OF PRIVATE REAL PROPERTY PURSUANT TO OHIO'S EMINENT DOMAIN LAWS, THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION TO DISMISS WITH RESPECT TO APPELLANTS' THIRD CAUSE OF ACTION.
 III. BY FAILING TO RECOGNIZE THAT APPELLANTS' PLEADED THIRD CAUSE OF ACTION, WHICH SEEKS A WRIT OF MANDAMUS AGAINST APPELLEE FOR A PRO TANTO PARTIAL TAKING OF PRIVATE REAL ESTATE AND WHICH DEMANDS COMPENSATORY DAMAGES FOR SUCH TAKING, SURVIVES THE COURT'S DECISION AND ENTRY DISMISSING THE ADMINISTRATIVE APPEAL AND THE REQUESTED WRIT AS TO THAT APPEAL, THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION TO DISMISS WITH RESPECT TO APPELLANTS' THIRD CAUSE OF ACTION.
In appellants' first assignment of error, they maintain the trial court erred as a matter of law in granting appellee's improperly characterized Motion to Dismiss because the motion was, in actuality, a motion for summary judgment. We disagree. Appellee's motion to dismiss was predicated on two arguments. First, appellee maintained the trial court lacked subject matter jurisdiction due to appellants' failure to properly perfect an administrative appeal. Second, and in the alternative, appellee maintained dismissal was proper because appellants failed to state a claim upon which relief could be granted and failed to join necessary parties. A trial court has the authority to consider any pertinent evidentiary materials when determining its own jurisdiction under a Civ.R. 12(B)(1) motion. Nemanzee v. Mt. Sinai Medical Ctr. (1990), 56 Ohio St.3d 109. The trial court is not confined to the allegations of the complaint when determining its subject matter jurisdiction pursuant to Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without conforming the motion into one for summary judgment. Southgate Development Corp. v. Columbia Gas Corp. (1976), 48 Ohio St.2d 211. In reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss, we must independently review the complaint to determine if dismissal was appropriate. Rich v. Erie Dept. Of Human Resources (1995), 106 Ohio App.3d 88, 91. We need not defer to the trial court's decision. Id. In Rich, the court described when a Civ.R. 12(B)(6) motion may be granted: In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (Citations omitted.) * * * We must presume all factual allegations of the complaint as true and make all reasonable inferences in favor of the nonmoving party. Id., citing York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144.
In its March 21, 2000 Judgment Entry, the trial court addressed the issue of whether appellee's motion was, in actuality, a motion for summary judgment as follows: [Appellee's] Motions to Dismiss for lack of jurisdiction must be granted because [appellants] did not perfect their appeal in accordance with R.C. 5563.02. The issue of whether an appeal of a decision concerning a road improvement by a board of county commissioners must be filed under the authority of R.C. 2506, governing administrative appeals, or R.C. Chapters 5553 and 5563, governing road improvements, has been considered by a number of Ohio courts, including the Ohio Supreme Court. It has been repeatedly held R.C. 5553 and R.C. 5563 are special statutes which apply exclusively to cases involving road improvements. State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty. (1995), 72 Ohio St.3d 464, 650 N.E.2d 1343; Goetz v. Bd of Cty. Commrs. of Butler Cty. (1986), 34 Ohio App.3d 76,517 N.E.2d 244; Bigler v. Bd. of Cty. Commrs. Belmont Cty. (Dec. 11, 1995), Belmont App. No. 94-B-59, unreported, 1995 WL 745046. In Goetz, the court succinctly stated:
The court of common pleas is without power or authority to hear the abutting landowners' appeal filed under R.C. Chapter 2506 from the board of county commissioners' decision to vacate a county road. Under such circumstances, R.C. Chapter 5563 prevails and is exclusively applicable.
Goetz, supra, at syllabus. In addition, R.C. Chapters 5553 and 5563 apply to any road improvement. R C. 5553. 01. Thus, determinations impacting location, center line and width, fall under the exclusive dictates of R.C. Chapters 5553 and 5563. Plaintiffs admittedly filed this case under R.C. 2506, not R.C. 5553 and R.C. 5563. The next issue, then, is whether Plaintiffs nevertheless substantially complied with R.C. 5553 and R.C. 5563.
An appeal of a county commissioners' decision concerning a road improvement must follow the appeal procedure set out in R.C.5563.02, which states in relevant part:
 Any person . . . may appeal from the final order or judgment of the board of county commissioners, made in any road improvement proceeding and entered upon their journal, determining any of the following matters:
(A) The order establishing the proposed improvement;
* * *
Any person . . . desiring to appeal from the final order or judgment of the board upon any such questions, shall, at the final hearing upon matters of compensation or damages, give notice in writing of an intention to appeal, specifying therein the matters to be appealed from. (Emphasis added).
The above language is mandatory, and requires notice be given in writing to the commissioners at the final hearing specifying the particular matter to be appealed.
Specifically, [appellants] failed to comply with R.C. 5563.02
because [appellants] did not give written notice of appeal to the [appellee] concerning Resolution 29-109. While [appellants'] argue "effective" notice was given in the letter sent to [the] Trustees on November 1, 1999, argument is flawed. The letter does not comply with the statute because: 1) the letter was written one month prior to the occurrence of the action giving rise to the appeal; 2) the letter does not mention Resolution 29-109; 3) the letter was not given or addressed to the Defendant Commissioners; and 4) the letter was not given to the Commissioners at the hearing on December 2, 1999. Given these facts, it is beyond reason to hold the November 1, 1999 letter satisfies the notice requirement in R.C. 5563.02. Correspondingly, because the [appellants] did not provide notice, this Court finds [appellants'] Motion for leave to file an "amended" notice is likewise without merit.
Next because R.C. 5563.02 is jurisdictional, and because the [appellants] failed to satisfy R.C. 5563.02, this Court is without jurisdiction to consider [appellants'] claims. Regardless, [appellants] assert a number of arguments in an attempt to demonstrate jurisdiction exists. First, [appellants] contend the Motions to Dismiss are truly motions for summary judgment, and because Defendants have submitted evidence in support of their Motions outside the pleadings, this Court cannot dismiss this matter based upon a review of that evidence. [Appellants'] assertion on this point of law is correct. However, dismissal in this case is appropriate on the face of the Complaint because it was not filed in accordance R.C. 5563.02.
March 21, 2000 Judgment Entry at 2-5.
We agree with the thorough and well-reasoned decision of the trial court. Appellants' first assignment of error is overruled.
 II, III
In appellants' second and third assignments of error they contend the trial court erred in failing to separate the issues in the complaint's third cause of action from the issues surrounding the administrative appeal. We note the magistrate's decision, entered April 19, 2000, was not before the trial court at the time of the March 21, 2000 Judgment Entry. Nevertheless, the magistrate's decision addresses exactly the same issues appellants now raise on appeal. The magistrate's decision states, in pertinent part: In this case, [appellants'] first two causes of action were dismissed for * * * failure to perfect an administrative appeal under Chapters 5553 and 5563. The third cause of action was dismissed because the Court determined [appellants] had an adequate remedy at law, to wit, the administrative appeal. The question now is whether [appellants] are foreclosed from seeking a writ of mandamus in the third cause of action because they failed to properly pursue the administrative appeal. [Appellants] contend they are not, because the third cause of action seeking a writ of mandamus was plead in the alternative. According to [appellants] the third cause of action is unrelated to [appellants'] two causes of action, which [appellants] concede were properly dismissed.
The instant case was filed as an appeal, or challenge, to a Resolution issued by the [Board]. The Resolution adopted a survey by the county engineer establishing the center line and width of Sadie Thomas Road. The Resolution establishes for Sadie Thomas Road a ". . .40-foot right-of-way, 20 feet from existing center line on each side of center-line"
A mandamus action is-the proper means to compel appropriation proceedings. State ex rel Levin v. City of Sheffield Lake (1994),70 Ohio St.3d 104,108, 637 N.E.2d 319; citing State ex rel McKay v. Kauer (1951), 156 Ohio St. 347, 46 0.0. 204, 102 N.E.2d 703, paragraph three of the syllabus; Wilson v. Cincinnati (1961),172 Ohio St. 303, 306, 16 0.0.2d 71, 73, 175 N.E.2d 725, 727; In re Appropriation of Easement for Hwy. Purposes (1963), 175 Ohio St. 107,111, 23 0.0.2d 395, 399, 191 N.E.2d 832, 836. The court in JP. Sand Gravel Co. v. Ohio (1976), 51 Ohio App.2d 83,367 N.E.2d 54, discussed in detail a property owner's right to seek a writ of mandamus to compel appropriation proceedings. Therein, the court stated:
 Where a property owner claims that his property in fact has been taken by the state and that he has been damaged and appropriation proceedings have not been instituted, the property owner may proceed to seek a writ of mandamus to compel the initiation by the state of such appropriation proceedings. . . .
Certain acts of the state, where such acts could reasonably be interpreted as a substantial interference or domination of private property, may be found to be a "taking" of such property. However, the mere expression or conveyance of an intent to take private property in the future . . . is not such a substantial interference with private property as to constitute a "taking." In the absence of a physical taking of property, a taking occurs only where there is a substantial interference with the rights of ownership of private property. . . . (Citations omitted).
Finally, to survive a motion to dismiss, a landowner seeking a writ of mandamus to compel appropriation proceedings must prove they are entitled to performance of a clear legal duty and have no adequate remedy in the ordinary course of law. Levin, supra, at70 Ohio St.3d 104, 106, 607 N.E.2d 319; State ex re/. Heath v. State Med Bd. of Ohio (1992), 64 Ohio St.3d 186, 593 N.E.2d 1386.
In the third cause of action, [appellants] allege in pertinent part:
* * *
 Whether dimensions of width and right-of-way are established by Commissioners' Resolution 29-109, by Section 5553.20 of the Ohio Revised Code, or by other legal means, [appellants] are entitled to compensation pursuant to Section 5553.43) of the Ohio Revised Code and Sections 163.01, et seq., of the Ohio Revised Code.
Defendants have engaged in a pro tanto acquisition of portions of Plaintiffs' subject real estate by [the Board's] purported or actual establishment of the true course or center-line, boundaries, and/or right-of-way of Sadie Thomas Road.
[Appellants'] Motion must be denied because, 1) [appellants] have an adequate remedy at law, and 2) there is no set of facts which, if proven, would entitle [appellants] to the relief sought. First, although [appellants] contend the third cause of action is unrelated to the Resolution adopted by the [Board] and the administrative procedures governing that adoption, a review of third cause of action indicates otherwise, The language of the third cause of action states: "[Appellees] have engaged in a pro tanto acquisition of portions of [appellants'] subject real estate by [the Board's] purported or actual establishment of the true course or center-line, boundaries, and/or right-of-way of Sadie Thomas Road" (Emphasis added). A resolution under R.C. 5553 is the statutory vehicle by which the Commissioners determine the center-line and width of any county road, including Sadie Thomas Road. Contrary to [appellants'] assertions, the third cause of action, as stated, directly involves the Resolution adopted by the [Board]. Further, the statute giving rise to the Resolution also provides a means for raising errors or challenging that Resolution: an administrative appeal. Because an appeal is available, a writ of mandamus is not.
Moreover, when construing the facts in the Complaint as true, one must conclude the [appellants] cannot obtain the relief sought. [Appellants] allege the [Board] [has] established a center line and width for Sadie Thomas Road. While the Complaint further recites a taking has occurred pursuant to the [Board's] actions in establishing the center line and width, [appellants] have failed to allege how the establishment of a center line and width for an existing road, without alteration, amounts to a taking, permanent or pro tanto. In the end, because appellants seek to challenge the Resolution adopted by the [Board], and because the Plaintiffs failed to do so by the adequate remedy at law available under R.C. 5553 and R.C. 5563, reconsideration of this Court's dismissal of [appellants] third cause of action must be denied.
Magistrate's Decision at 1-3.
We agree with the magistrate's well-reasoned, well-written decision. For the reasons set forth above, appellants' second and third assignments of error are overruled.
The March 21, 2000 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
 ______________________ HOFFMAN, P.J.
WISE, J. and READER, V.J., and HOFFMAN, J., and FARMER, J., concur.