OPINION
Plaintiffs-appellants Robert Rutherford, et al. appeal from the June 20, 2000, Decision and Judgment Entry of the Licking County Court of Common Pleas. Defendant-appellee is the Board of County Commissioners, Licking County, Ohio.
 STATEMENT OF THE FACTS AND CASE
In 1961, a plat instrument for Miller's Second Addition, a housing subdivision, was approved by the Licking County Commissioners and recorded in Volume 7, Page 154 of the Licking County Plat Records. The following language is contained in the recorded plat: Dedication
Know all by these present
I the undersigned Leo E. Miller owner of the tract of land embraced in the within plat, caused the same to be surveyed laid out and platted as herein shown and to be designated as the "Miller's Second Addition" in the twp. of Granville, Licking County and I hereby dedicate to the public use, forever, the streets as here designated and platted. I do further agree that the foregoing dedication shall be a covenant binding myself, my heirs and my assigns forever, to which I have this day set my signature.
An acknowledgment appears on the plat in addition to signatures indicating the approval of the Licking County Commissioners in September of 1961. Walnut Hill Drive is designated as a street on the recorded plat and provides access to the internal lots within the plat. In 1997, Kobunski Building Company, a private company, purchased three of the internal lots within the plat to build houses on them. In February of 1999, Kobunski Building Company submitted a form entitled "Public Road Petition" to the Licking County Board of Commissioners pursuant to R.C.5553.04 seeking to establish Walnut Hill Dr. "as a public road on the line hereinafter described." In describing the road, the Petition states "Refer to plat as recorded" and "See attached." Attached to the Petition was a legal description prepared by a registered surveyor containing the following paragraph:
 SITUATED IN THE STATE OF OHIO, COUNTY OF LICKING, BEING PART OF LOT #1 OF THE SECOND QUARTER, TWP. 1N, RNG. 13W, OF THE UNITED STATES MILITARY LANDS, TOWNSHIP OF GRANVILLE, AND BEING A DESCRIPTION OF WALNUT HILLS DRIVE, AS PLATTED IN MILLER'S SECOND ADDITION AS FOUND IN PLAT VOL. 7, PAGE 154 IN THE LICKING COUNTY RECORDERS OFFICE,. . .
The Petition included the names and required twelve signatures of property owners in the vicinity. Thereafter, pursuant to a Resolution adopted on March 1, 1999, the Licking County Commissioners set March 25, 1999, for a viewing of the proposed improvement and also ordered that a final hearing for the road establishment be held on April 1, 1999. Both dates were publicized in the local newspaper. Appellants Robert and Emily Rutherford and/or their counsel spoke at the public hearings and/or submitted written comments. Both at the hearings and in their comments, the Rutherfords, who own and live on a farm adjacent to Miller's Second Addition, indicated that significant erosion of Walnut Hill Drive was causing damage to their property. Subsequently, Resolution 28-405 was adopted by the Licking County Commissioners on October 18, 1999, establishing "Walnut Hill Drive-TR-995 in Granville Township" and ordering that the same be maintained by the Granville Township Trustees. The resolution was adopted outside of the presence of appellants, who received a copy of the same via mail. A Resolution (Resolution No. 29-30) amending Resolution 28-405 to include wording requested by the County Engineer was adopted on November 18, 1999. On November 16, 1999, appellants Robert and Emily Rutherford and appellant Mary Ann Villiers appealed to the Licking County Court of Common Pleas from the Resolution of the Licking County Board of County Commissioners establishing Walnut Hill Drive for public maintenance. Appellants, in their Notice of Appeal, indicated that their appeal was being filed pursuant to R.C. 307.56
and Chapter 2506. Thereafter, on May 17, 2000, appellee filed a Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction. Appellee, in its motion, argued that appellants' appeal should be dismissed since appellants failed to perfect an appeal under R.C. Chapter 5563. According to appellee, the trial court lacked subject matter jurisdiction to consider an appeal brought pursuant to R.C. Chapter 2506. A memorandum in opposition to appellee's motion was filed by appellants on May 22, 2000. Appellants, on May 31, 2000, filed a Motion to Allow Additional Evidence and a Motion to Compel Appellees to File Public Hearing Transcripts as Part of the Record. On June 1, 2000, appellee filed a response to appellants' memorandum in opposition to appellee's Motion to Dismiss. Pursuant to a Memorandum of Decision and Judgment Entry filed on June 20, 2000, the trial court granted appellee's Motion to Dismiss, holding as follows: "in sum, when construing the statutes as a whole, it is apparent the appeal of Resolution 28-405 falls under the purview of R.C.5563.02. Because the appeal has not complied with R.C. 5563.02, which is exclusive and jurisdictional, the matter must be dismissed." The trial court, in its entry, also held that appellant's May 31, 2000, motions were moot. It is from the trial court's June 20, 2000, entry that appellants now prosecute their appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT R.C. CHAPTERS 5553 AND 5563 PROVIDES [SIC] THE EXCLUSIVE AVENUE FOR APPEAL OF THE LICKING COUNTY BOARD OF COUNTY COMMISSIONERS' DECISION TO ESTABLISH WALNUT HILL DRIVE FOR PUBLIC MAINTENANCE; THE TRIAL COURT DID NOT CONSIDER THAT THE BOARD FAILED TO CONDUCT REQUIRED HEARINGS OR PROVIDE PROPER NOTICE FOR THE SAME AS REQUIRED FOR THE ESTABLISHMENT OF A PUBLIC ROAD UNDER R.C. CHAPTERS 5553 AND 5563, OR THAT THE BOARD'S FAILURE TO CONDUCT REQUIRED HEARINGS OR PROVIDE PROPER NOTICE FOR SUCH HEARINGS EFFECTIVELY DENIED APPELLANTS THE RIGHT TO APPEAL THE ESTABLISHMENT OF WALNUT HILL DRIVE. II. THE TRIAL COURT ERRED BY HOLDING THAT WALNUT DRIVE IS SUBJECT TO THE APPEALS PROCESS UNDER R.C. CHAPTERS 5553 AND 5563, AND NOT R.C. CHAPTERS 711 AND 5559, WHICH PROVIDE THAT APPEALS THEREUNDER SHALL BE BROUGHT PURSUANT TO R.C. CHAPTER 2506.
STANDARD OF REVIEW The standard to apply for a dismissal pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction, is whether the plaintiff has alleged any cause of action which the court has authority to decide. McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56. This is generally a question of law which we review independently of the trial court's decision. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. Southgate Dev. Corp. v. Columbia Gas Transm. Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus. For purposes of clarity, we shall address appellants' assignments of error out of sequence. II Appellants, in their second assignment of error, argue that neither R.C. Chapter 5553 nor 5563 apply when the Licking County Board of Commissioners is deciding whether to accept for public maintenance improvements of an existing publicly dedicated street. In short, appellants contend that, since Walnut Hill Drive was already established as an existing and platted street when the Public Road Petition was filed, the establishment of Walnut Hill Drive was a legal nullity. Appellants further maintain that, for the above reasons, R.C. Chapters 2505 and 2506, which govern appeals from decisions of any agency of a political subdivision, are applicable. The first issue that must be addressed is whether Walnut Hill Drive was, in fact, already established as a public street at the time the petition was filed. In order to answer such question, we must look at the subdivision platting process. R.C. Chapter 711 deals with the recordation of plats. There are three important steps in the subdivision platting process. The first two steps are approval and recording of a plat. See Chudzinski v. Mosser (July 17, 1998), Sandusky App. No. S-97-30, unreported. R.C. 711.041
provides, in part, as follows: "No plat certifying lands outside a municipal corporation may be recorded without the approval thereon of the board of county commissioners of the county wherein such lands are situated." Pursuant to R.C. 711.11, once a plat has been approved and recorded, the county in which the subdivision lies acquires a fee simple interest in the land dedicated for public use. As is stated above, in the case sub judice, the plat for Miller's Second Addition was approved by the Licking County Commissioners in September of 1961 and recording occurred on October 10, 1961. The third and final step in the subdivision platting process is the acceptance of the streets on the plat, such as Walnut Hill Drive, that are dedicated for public use. See Eggert v. Puleo (1993), 67 Ohio St.3d 78. Both R.C. 711.041, cited above, and R.C. 5553.31
require explicit approval of roads offered for dedication as public roads. R.C. 5553.31 states as follows: Any person may, with the approval of the board of county commissioners, dedicate lands for road purposes. A definite description of the lands to be dedicated with a plat of such lands thereto attached and signed by the party dedicating such lands with the approval and acceptance of the board indorsed thereon, shall be placed upon the proper road records of the county in which such road is situated. (Emphasis added.)
As noted by the court in Eggert: Even though the municipal corporation holds the fee of the land upon which the street is to be built upon approval and recording of the plat, the land is still in the care and control of the developer until the street is completed in accordance with specifications set forth in the plat. The proposed street does not become a public street until the street is accepted by the municipal corporation. It is at that point, upon acceptance, that the care, supervision, and control of the street become the responsibility of the municipal corporation. (See R.C. 723.01.) Prior to acceptance by the municipal corporation, the street is not a public street, but is only a proposed public street. Id. at 84. (Emphasis added.) In this matter, there is no evidence in the record that Walnut Hill Drive, as a dedicated road, was ever affirmatively accepted by the Licking County Commissioners. See R.C. 711.041 and 5553.31. Appellants concede such fact in their brief, stating that "none of the foregoing procedures or regulations [Licking County Subdivision Regulations] were following or complied with, including formal and appropriate acceptance [by the County] of Walnut Hill Drive." (Emphasis added.) Since there was no affirmative acceptance of Walnut Hill Drive by the Licking County Commissioners, such street is "not a public street, but rather a proposed public street." See Eggert, supra. We find, therefore, that Walnut Hill Drive had not already been established as a public street when the petition was filed in this case. R.C. 5553.02 states, in relevant part, that "[t]he board of county commissioners may locate, establish, alter, widen, straighten, vacate, or change the direction of roads as provided in sections 5553.03 to 5553.16 of the Revised Code." (Emphasis added). The establishment of a public road is considered an "improvement" as such term is used in R.C. 5553.02 to 5553.16. See R.C. 5553.01. As this Court recently held in Daulton v. Bd. of County Commrs., Licking County (Sept. 14, 2000), Licking App. No. 00CA38, unreported: The issue of whether an appeal of a decision concerning a road improvement by a board of county commissioners must be filed under the authority of R.C. 2506, governing administrative appeals, or R.C. Chapters 5553 and 5563, governing road improvements, has been considered by a number of Ohio courts, including the Ohio Supreme Court. It has been repeatedly held R.C. 5553 and R.C. 5563 are special statutes which apply exclusively to cases involving road improvements. State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty. (1995), 72 Ohio St.3d 464, 650 N.E.2d 1343; Goetz v. Bd of Cty. Commrs. of Butler Cty. (1986), 34 Ohio App.3d 76, 517 N.E.2d 244; Bigler v. Bd. of Cty. Commrs. Belmont Cty. (Dec. 11, 1995), Belmont App. No. 94-B-59, unreported, 1995 WL 745046. In Goetz, the court succinctly stated:
The court of common pleas is without power or authority to hear the abutting landowners' appeal filed under R.C. Chapter 2506 from the board of county commissioners' decision to vacate a county road. Under such circumstances, R.C. Chapter 5563 prevails and is exclusively applicable.
Goetz, supra, at syllabus. In addition, R.C. Chapters 5553 and 5563 apply to any road improvement. R.C. 5553.01. (Emphasis added.)
The court, in Goetz, further specifically held as follows:
 R.C. Chapters 5553 and 5563 must be considered as special statutes specifically dealing with the vacation of county roads and rights of appeal therefrom. Conversely, R.C. 307.56 and R.C. Chapter 2506 are general statutes. Under such circumstances, R.C. Chapter 5563 prevails and is exclusively applicable. Goetz, supra., at 78.
Clearly, based on the foregoing authority, we find that the trial court did not err in finding that R.C. Chapters 5553 and 5563, rather than R.C. Chapters 2505 and 2506, were applicable to appellants' appeal of the Licking County Board of Commissioners' Decision establishing Walnut Hill Dr. for public use. Appellant's second assignment of error is, therefore, overruled. I Appellants, in their first assignment of error, argue that since the Licking County Board of Commissioners failed to follow the mandatory statutory requirements under Chapters 5553 and 5563 and, therefore, hampered appellants' ability to file an appeal under the same, R.C. Chapters 2505 and 2506 govern appellants' appeal in this particular matter. R.C. 5553.30 states, in relevant part, that "[a]ny person interested" may appeal from the order of the board of county commissioners granting the prayer of the petition for an improvement, such as the establishment of a road for public use. Pursuant to such section, "[s]uch appeal may be perfected in the manner provided in sections 5563.01 to 5563.17, inclusive, of the Revised Code, . . ." Thus, appeals of the granting of a petition to establish a road must be made pursuant to R.C. 5563.02, which provides, in part, as follows: Any person, firm, or corporation interested therein, may appeal from the final order or judgment of the board of county commissioners, made in any road improvement proceeding and entered upon their journal, determining any of the following matters:
 (A) The order establishing the proposed improvement; . . . Any person, firm, or corporation desiring to appeal from the final order or judgment of the board upon any such questions, shall, at the final hearing upon matters of compensation or damages, give notice in writing of an intention to appeal, specifying therein the matters to be appealed from. (Emphasis added.)
Pursuant to R.C. 5563.01,
 "[n]o order of the board of county commissioners for . . . establishing . . . a public road, shall be executed until ten days have elapsed after the board has made its final order in the matter of compensation and damages, . . . If, at the end of ten days, any person, . . . has effected an appeal, then the order shall not be executed until the matters appealed from have been disposed of . . ."
Appellants, in the case sub judice, specifically contend that since there was no final hearing upon matters of compensation or damages in this matter pursuant to R.C. 5563.02, appellants could not give notice at such hearing of their intention to appeal and, therefore, could not perfect an appeal under R.C. Chapter 5563. A similar argument was raised by the appellants in Sheffler v. Mahoning County Bd. of Commrs. (Aug. 29, 1995), Mahoning App. No. 95 C.A. 109, unreported. In Sheffler, the appellants specifically argued that since the final hearing did not discuss matters of compensation or damages, they were not required to give notice in writing pursuant to R.C. 5563.02 of their intention to appeal from a resolution permitting the vacation of a portion of two roads. However, the court in Sheffler rejected such an argument, holding, in part, as follows: The payment of compensation and damages is discretionary with the board of county commissioners. "If the board of county commissioners is of the opinion that the proposed improvement is of sufficient importance to the public to cause the compensation and damages on account thereof to be paid to the persons entitled thereto out of the county treasury, it may so order. * * *." R.C. 5553.09. Obviously, if the board of county commissioners is not of the opinion that there should be compensation and damages awarded, they are not required to so order anything and, furthermore, it would be ridiculous for them to discuss this at the final hearing.
The same court, in Wolf, supra., declined to rule on the appellees' argument that they could not give notice in writing of their intent to appeal pursuant to R.C. 5563.02 since they were not given notice of the final hearing on the vacation of road. In so declining, the court in Wolf, specifically held in part, as follows: . . . appellees argue that, under the facts of this case, they were not required to give notice in writing of their intent to appeal. Appellees note that the board heard the matter on November 30, 1994 and took the matter under advisement at that time. Appellees further note that the board met in its regular session on February 2, 1995 and, without notice to appellees, made their decision with regard to the vacation. Appellees note that it was not until February 27, 1995 that the resolution of the board was delivered to appellees through their counsel. Appellees argue that since they had no notice of the final hearing on the matter, they were unable to give the notice required by R.C. 5563.02.
The Supreme Court in Lindenschmidt clearly held that R.C. Chapter 5563 is exclusively applicable to appeals in road vacation proceedings . . . This court's decision in Sheffler is also dispositive of this issue. Because the appeal in the instant case was improperly filed under R.C. Chapter 2506, the trial court was without jurisdiction to hear it.
In that we find that the appeal below was improperly filed, we specifically decline to rule on appellees' argument that they could not comply with R.C. 5563.02 since they were not given notice of the final hearing.
Id, at 496 — 497. We are cognizant of appellant's argument that appellee, by failing to hold a "proper and genuine hearing" upon matters of compensation or damages and by failing to provide appellants with notice that any other hearing would substitute for the same, frustrated appellants' right to appeal and denied appellants due process of law. As appellants note in their brief, since there was never a final hearing on compensation or damages, appellants were unable to comply with the requirements set forth in R.C. 5563.02 for perfecting an appeal. However, pursuant to the above authority, appellants should have filed their appeal under R.C. Chapter 5563 rather than R.C. Chapter 2506. Then, had appellees filed a motion to dismiss appellant's appeal for failure to properly perfect an appeal under R.C. 5563.02, appellants could have argued to the trial court that appellees' actions deprived appellants of due process of law. Appellants, however, did not do so. Based on the foregoing, we decline to accept appellants' arguments. Appellants' first assignment of error is, therefore, overruled.
Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
 _____________ Edwards, P.J.
Gwin, J. and Farmer, J. concurs.