OPINION
{¶ 1} On November 2, 2001, appellants, James and Jeanette Wise, filed a declaratory judgment action against appellees, the Holmes County Commissioners, seeking a declaration that appellees' resolution to vacate a portion of Monroe Township Road 259 be null and void. Appellants' property touches and borders the western edge of the vacated road.
 {¶ 2} On December 28, 2001, appellees filed a motion to dismiss claiming collateral attack and res judicata. A hearing was held on February 22, 2002. By judgment entry filed March 1, 2002, the trial court granted the motion, finding appellants' arguments could have been raised on direct appeal to appellees and their arguments have already been addressed by this court involving a writ of mandamus. See, State ex rel.James Wise, et al. v. John Baker, et al. (September 15, 2000), Holmes App. No. 2000CA014.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The Trial Court Erred In Finding That This Court's Decision In Case No. 2000CA014 Operates As Res Judicata To The Case At Hand."
 II {¶ 5} "The Trial Court Erred In Granting Defendants' Motion To Dismiss Because Appellants' Complaint States A Claim Upon Which Relief May Be Granted In That Appellants Constructively Perfected Their Right To Appeal."
 III {¶ 6} "The Trial Court Erred In Granting Defendants' Motion To Dismiss Because Appellants' Complaint States A Claim Upon Which Relief May Be Granted In That Appellants' Right To Due Process Was Denied."
 I {¶ 7} Appellant claims the trial court erred in finding this court's decision in App. No. 2000CA014 operated as res judicata to the proceedings sub judice. We agree.
 {¶ 8} In Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."
 {¶ 9} Our decision in App. No. 2000CA014 found a writ of mandamus was not an appropriate vehicle as there was an adequate remedy at law available to the petitioners.[1]
 {¶ 10} The request for relief in both this case and the mandamus action was for a declaration that appellees' resolution vacating the road was null and void and for an order to reestablish the road.
 {¶ 11} Although we find the request for relief met the first prong of a res judicata analysis, we find there was no decision on the merits therefore, res judicata is not applicable.
 {¶ 12} Insofar as to the trial court's finding on the issue of res judicata, we sustain the assignment of error.
 II {¶ 13} Appellants claim the trial court erred in finding their complaint failed to state a claim upon which relief may be granted. We disagree.
 {¶ 14} Our standard of review on a Civ. R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrdv. Faber (1991), 57 Ohio St.3d 56.
 {¶ 15} Appellants sought to have appellees' resolution to vacate a portion of the road declared null and void under a declaratory judgment proceeding pursuant to R.C. 2721.02 et seq. As such, a declaratory judgment action is not appropriate for the following reasons.
 {¶ 16} As stated in State ex rel. Lindenschmidt v. Board ofCommissioners of Butler County, 72 Ohio St.3d 464, 468, 1995-Ohio-49, the exclusive remedy to appeal a decision to vacate a road is contained in R.C. Chapters 5553 and 5563:
 {¶ 17} "R.C. Chapters 5553 and 5563 contain special statutes specifically addressing the vacation of county roads and the right to appeal decisions of boards of county commissioners concerning proposed vacation. Consequently, R.C. Chapter 5563 prevails and is exclusively applicable to appeals in this area. Goetz v. Butler Cty. Bd. of Commrs.
(1986), 34 Ohio App.3d 76, 517 N.E.2d 244; State ex rel. Green v. AllenCty. Bd. of Commrs. (Mar. 9, 1992), Allen App. No. 1-91-9, unreported,1992 WL 52737."
 {¶ 18} The courts of this state have consistently held that a declaratory judgment action is not appropriate when an adequate remedy at law is available unless the constitutionality or validity of the statute is challenged. Schomaeker v. First National Bank of Ottawa (1981),66 Ohio St.2d 304; Driscoll v. Austintown Associates (1975),42 Ohio St.2d 263; and State ex rel. Iris Sales Co. v. Voinovich (1975),43 Ohio App.2d 18.
 {¶ 19} We conclude the exclusive jurisdiction of R.C. Chapters 5553 and 5563 bars a declaratory judgment action sub judice.
 {¶ 20} Assignment of Error II is denied.
 III {¶ 21} Appellants claim the action of the trial court denied them due process of law.
 {¶ 22} Appellants argue because they did not receive notice of a final hearing, the provisions of the applicable statute were impossible to fulfill.
 {¶ 23} R.C. Chapter 5563 governs appeals in county road cases grounds for appeal. R.C. 5563.02 states the following in pertinent part:
 {¶ 24} "Any person, firm, or corporation interested therein, may appeal from the final order or judgment of the board of county commissioners, made in any road improvement proceeding and entered upon their journal, determining any of the following matters:
 {¶ 25} "(A) The order establishing the proposed improvement;
 {¶ 26} "(B) The order dismissing or refusing to grant the prayer of the petition for the proposed improvement.
 {¶ 27} "Any person, firm, or corporation desiring to appeal from the final order or judgment of the board upon any such questions, shall, at the final hearing upon matters of compensation or damages, give notice in writing of an intention to appeal, specifying therein the matters to be appealed from."
 {¶ 28} Appellants argue they were not noticed of a final hearing and therefore were deprived of the right to "give notice in writing of an intention to appeal" "at the final hearing." Appellants essentially argue they were forestalled from the appropriate remedy à la "Catch 22." If they did not know of the "final hearing," they could not give notice at the hearing.
 {¶ 29} Attached to appellants' January 11, 2002 response to the motion to dismiss are their affidavit and appellees' pertinent minutes and resolutions. We note in their affidavit, appellants averred they did not receive "notice by first class mail" of any of the meetings, view or public hearings on the issue. R.C. 5553.05(B) provides for such notice, but specifically states "failure of the delivery of such notice does not invalidate any such vacating of the road authorized in the resolution."
 {¶ 30} R.C. 5553.05(A) provides for notice of the time and place for view and final hearing. We note appellants' affidavit does not claim first class notice was not made, only that they "did not receive notice by first class mail." The resolutions of October 25, 1999 and November 15, 1999 aver notice for time and place for view and hearing was given by publication. Because the statute specifically excepts the failure of first class notice as a defect to the vacation of a road, we find statutory due process has not been violated.
 {¶ 31} The remaining question is whether there was or is any vehicle in law or equity to raise procedural due process claims. As we noted supra, the petition for declaratory judgment relief did not attempt to challenge the constitutionality or validity of R.C. 5553.05. The petition could have so averred and the adequate remedy in equity would have attached. Absent such a claim, we find the trial court properly granted appellees' motion to dismiss.[2]
 {¶ 32} Assignment of Error III is denied.
 {¶ 33} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J. and Boggins, J. concur.
[1] We note our decision incorrectly cited the appropriate statute for a road vacation.
[2] Other extraordinary writs may have also been available in 1999, for example, a writ in procendendo to the common pleas court to accept the appeal.