[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 464.]

THE STATE EX REL. LINDENSCHMIDT, APPELLANT, *v.* BOARD OF
COMMISSIONERS OF BUTLER COUNTY, APPELLEE.
[Cite as *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*,
**1995-Ohio-49.**]

*Civil procedure—Court of appeals, in a mandamus action, does not abuse its
discretion in granting leave to file an answer after the twenty-eight-day
period has expired, when—Court of appeals, in a mandamus action, does
not err in granting a Civ.R. 12(B)(6) motion to dismiss, when.*

(No. 94-2385—Submitted May 9, 1995—Decided July 5, 1995.)

APPEAL from the Court of Appeals for Butler County, No. CA94-04-098.

————————————

{¶ 1} Appellant, David Lindenschmidt, owns real property located on
Station Road in Butler County, Ohio. On December 3, 1993, Lindenschmidt filed
a petition with appellee, Butler County Board of Commissioners ("board"), to
vacate a portion of Station Road. Pursuant to R.C. 5553.04, the board viewed the
location of the proposed road vacation and held hearings on Lindenschmidt's
petition.

{¶ 2} On March 3, 1994, the board denied the petition. On March 4, 1994,
the board sent notice of its decision to Lindenschmidt's attorney by certified mail.
On March 4, 1994, Lindenschmidt filed a notice of intention to appeal with the
board. On March 23, 1994, the board informed Lindenschmidt that it did not intend
to take any action on his appeal because Lindenschmidt failed to provide timely
notice of his intention to appeal.

{¶ 3} Lindenschmidt then filed a complaint in the Court of Appeals for
Butler County seeking a writ of mandamus to compel the board to fix a reasonable
appeal bond in accordance with R.C. 5563.02. Although the board received a copy

of the complaint and summons on April 28, 1994, it failed to file a responsive motion or pleading within the required answer period. On May 31, 1994, Lindenschmidt filed a motion for default judgment. Shortly thereafter, the board filed a motion for additional time to respond to Lindenschmidt's complaint. The motion indicated that the board's request was "due to eye surgery counsel underwent in May, 1994, which necessitated a longer period of recovery than anticipated and, therefore, she was out of the office longer than expected." The court of appeals granted the board's motion for extension of time and denied Lindenschmidt's motion for default judgment.

{¶ 4} The board filed a Civ.R. 12(B)(6) motion to dismiss Lindenschmidt's complaint on the basis that it failed to state a claim upon which relief can be granted. The board additionally filed an answer. On September 22, 1994, the court of appeals granted the board's Civ.R. 12(B)(6) motion and dismissed the case.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Harry B. Plotnick*, for appellant.

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Victoria Daiker*, Assistant Prosecuting Attorney, for appellee.

*Joseph Wessendarp*, urging affirmance for *amicus curiae*, West Chester/Mason Habitat for Humanity, Inc.

_____

**Per Curiam.**

{¶ 6} In his first proposition of law, Lindenschmidt asserts that the court of appeals abused its discretion in granting the board leave to file an answer after the twenty-eight-day period had expired. See Civ.R. 12(A)(1); Loc.R. 20(A) of the Twelfth Appellate District ("An original action *** shall proceed as any civil action under the Ohio Rules of Civil Procedure.").

{¶ 7} Civ.R. 6(B)(2) provides that "[w]hen by these rules *** an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion *** upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]"

{¶ 8} A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. *Miller v. Lint* (1980), 62 Ohio St.2d 209, 213-214, 16 O.O.3d 244, 247, 404 N.E.2d 752, 754-755; *Evans v. Chapman* (1986), 28 Ohio St.3d 132, 135, 28 OBR 228, 231, 502 N.E.2d 1012, 1015. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222.

{¶ 9} The court of appeals determined that the board had shown the requisite excusable neglect where its attorney had eye surgery in May 1994, which resulted in her absence from the office for a longer time than expected.

{¶ 10} Lindenschmidt contends that the court of appeals abused its discretion since, based on *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 605 N.E.2d 37, the office of the board's counsel, the Butler County Prosecuting Attorney, could have easily assigned replacement counsel due to illness of the board's counsel. In *Weiss*, this court held that administrative confusion did not constitute excusable neglect for purposes of leave to answer under Civ.R. 6(B)(2). A motion to dismiss had been filed by the respondents in *Weiss*, but after it was overruled, an answer was not timely filed, purportedly because new assistant attorneys general were being assigned to replace the former counsel of record and the assistant attorney general who oversaw the reassignment was not aware of the entry overruling the dismissal motion.

{¶ 11} *Weiss* is distinguishable from the instant case because *Weiss* was an original action mandamus filed in this court where we were sitting as the trier of fact. Conversely, in this appeal, we must defer to the findings of the court of appeals, and our standard of review is limited to determining whether that court abused its discretion. See *Brooks v. Progressive Specialty Ins. Co.* (July 20, 1994), Summit App. No. 16639, unreported, where the court of appeals similarly distinguished Weiss. Further, there is no assertion of administrative confusion on the part of the prosecutor's office here.

{¶ 12} The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. *Marion Production Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 271, 533 N.E.2d 325, 331. Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B). See 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1988) 133, Section T 21.16; *Jenkins v. Clark* (App.1983), 13 OBR 146, 149.

{¶ 13} In considering all the facts and circumstances presented to the court of appeals, the court did not abuse its discretion in determining that the board's counsel's eye surgery, which necessitated a longer than anticipated period of recovery, constituted excusable neglect which resulted in the board's failure to file a timely responsive pleading. Cf. *Greene v. U.S. Dept. of Army* (D.Kan. 1993), 149 F.R.D. 206, 208 ("The law is well-settled that simple attorney neglect or inadvertence, without the presence of substantial extenuating factors, such as sudden illness or natural disaster, cannot constitute the sole basis for a [Fed.R.Civ.P. 4(j)] 'good cause' determination."). Appellant's first proposition of law is overruled.

{¶ 14} Appellant asserts in his second proposition of law that the court of appeals erred in granting the board's dismissal motion. In determining whether a complaint states a claim upon which relief can be granted under Civ.R. 12(B)(6), all factual allegations of the complaint must be presumed to be true and all reasonable inferences must be made in favor of the nonmoving party. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200. In addition, in order to dismiss a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that relator can prove no set of facts warranting relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. A Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 647 N.E.2d 799.

{¶ 15} In order to be entitled to mandamus, Lindenschmidt must establish a clear legal right to have the board fix a reasonable appeal bond, a corresponding legal duty on the part of the board, and the absence of an adequate remedy at law. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129. The court of appeals granted the board's Civ.R. 12(B)(6) motion based on its determination that Lindenschmidt failed to establish any of the required elements for mandamus relief.

{¶ 16} A board of county commissioners may declare by resolution its intent to vacate a county road. R.C. 5553.04. A board's decision on a petition to vacate a county road may be appealed, and any appeal may be perfected in the manner provided in R.C. 5563.01 to 5563.17. R.C. 5553.30. R.C. 5563.02 provides:

"Any person *** interested therein, may appeal from the final order or judgment of the board of county commissioners, made in any road improvement proceeding and entered upon their journal, determining any of the following matters:

"***

"(B) The order dismissing or refusing to grant the prayer of the petition for the proposed improvement.

"*Any person *** desiring to appeal from the final order or judgment of the board upon any such questions, shall, at the final hearing upon matters of compensation or damages, give notice in writing of an intention to appeal*, specifying therein the matters to be appealed from.

"*In case the petition for an improvement is dismissed, or the prayer thereof is not granted, then a person *** desiring to appeal therefrom must give notice as provided by this section on the date when the order is made dismissing said petition, or refusing to grant the prayer thereof, and file the bond required within the time prescribed.*

"The board shall fix the amount of the bond to be given by the appellant, which amount shall be reasonable, and cause an entry thereof to be made upon its journal. The appellant, within ten days thereafter, shall file with the county auditor a bond in the amount so fixed, with sureties to be approved by the county auditor. Such bond shall be conditioned to pay all costs made on the appeal, if the appellant fails to sustain such appeal or it is dismissed." (Emphasis added.)

{¶ 17} After the filing of an appeal bond or making of the journal entry provided by R.C. 5563.02, the board of county commissioners must transmit to either the probate court or common pleas court the original papers and certified transcript of the board record in the road improvement proceedings, and upon receipt, the court shall docket the appeal. R.C. 5563.03.

{¶ 18} R.C. Chapters 5553 and 5563 contain special statutes specifically addressing the vacation of county roads and the right to appeal decisions of boards of county commissioners concerning proposed vacation. Consequently, R.C. Chapter 5563 prevails and is exclusively applicable to appeals in this area. *Goetz v.. Butler Cty. Bd. of Commrs.* (1986), 34 Ohio App.3d 76, 517 N.E.2d 244; *State*

*ex rel. Green v. Allen Cty. Bd. of Commrs.* (Mar. 9, 1992), Allen App. No. 1-91-9, unreported.

{¶ 19} Lindenschmidt concedes in his complaint that he did not follow R.C. 5563.02 in attempting to perfect his appeal, since he did not give written notice of his intention to appeal the board's denial of his petition to vacate a county road. Under R.C. 5563.02, because Lindenschmidt did not comply with the statutory time period within which to perfect his appeal, the board was under no duty to fix bond in the case.

{¶ 20} Paragraph 12 of Lindenschmidt's complaint alleged that "the position taken by Respondent with respect to the timeliness of the filing of his notice of intention to appeal, by requiring the filing of a notice before notice of Respondent's action has been formally communicated to him, deprives Relator of both substantive and procedural rights to due process of law under both the Ohio and United States Constitutions." Siginificantly, Lindenschmidt did not allege that there was no notice given of the final hearing, and he had constructive notice from the applicable statutory provisions that a final adverse decision by the board might be rendered at that hearing which would require the immediate filing of a notice of intention to appeal. There is no indication of any violation of due process.

{¶ 21} In *Thomas v. Wildenhaus* (July 29, 1987), Greene App. No. 86-CA-90, unreported, the court of appeals affirmed summary judgment in favor of a board of county commissioners and the denial of a writ of mandamus where the persons attempting to appeal the vacation of a road did not comply with R.C. 5563.02. The appellants in *Thomas* contended that because they did not receive notice of the final hearing, they had no opportunity to give written notice of an intention to appeal at that hearing. The court of appeals determined that there was no evidence of a lack of notice regarding the final hearing, only the action taken at the hearing. The *Thomas* court concluded that "[t]he board of county commissioners *** need only notify adjoining property owners of the road vacation hearing. R.C. 5553.05. The

board is under no statutory duty to inform property owners of the actions taken at the hearing."  We approve this reasoning.

{¶ 22} Therefore, Lindenschmidt could prove no set of facts entitling him to extraordinary relief based on the plain language of R.C. 5563.02.  The court of appeals properly granted the board's Civ.R. 12(B)(6) motion to dismiss based on Lindenschmidt's failure to establish either a clear legal right to have the board fix a reasonable appeal bond or a corresponding clear legal duty on the part of the board to do so.

{¶ 23} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would reverse the judgment of the court of appeals.

_____