This is an accelerated appeal from the judgment of the Ottawa County Court of Common Pleas which granted defendant-appellee's motion to dismiss and denied plaintiff-appellant's motion for enlargement of time. For the reasons set forth below, we affirm the decision of the trial court.
The facts surrounding this appeal are not in dispute. This action commenced on July 16, 1992, against appellee and two other defendants regarding the sale of investments in a business venture. On December 8, 1996, defendant James Carney, Sr. died. A suggestion of death was filed with the trial court on May 12, 1997, and did not name a successor or personal representative. Neither party moved to substitute the proper party.
On October 15, 1997, appellee filed a motion to dismiss pursuant to Civ. R. 25(A)(1), which sets forth a ninety day time limit for substitution of a successor upon a party's death. Thereafter, appellant filed a motion for enlargement of time for which to substitute the personal representative of appellee as a party. On January 13, 1998, the trial court granted appellee's motion to dismiss, and this appeal followed.
Appellant raises the following assignments of error:
 "I. The trial court erred by dismissing this action against defendant James M. Carney, Sr.
 "II. The trial court erred by failing to extend the time within which to substitute the personal representative of defendant James M. Carney, Sr. as a party to this action following the death of the defendant."
In his first assignment of error, appellant argues that a suggestion of death which does not identify a substitute party, is insufficient to trigger the ninety day limitations period of Civ. R. 25(A). We disagree.
In dismissing appellant's first assignment of error we need only look to the language of the statute. Civ. R. 25(A) provides in pertinent part:
 "If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party * * *. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." (Emphasis added.)
As is clear from the above-quoted language, it is permissible for either party to file a motion to substitute the proper party. As such, we find the appellant's first assignment of error not well-taken.
In his second assignment of error, appellant argues that the trial court abused its discretion by failing to grant his motion for enlargement of time to substitute the decedent's personal representative.
Pursuant to Civ. R. 6(B)(2) a trial court "may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." Such motion is left to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.Marion Production Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265,271. A trial court has not abused its discretion unless its decision involves more than an error of judgment or law and be characterized as unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In determining whether neglect is excusable or inexcusable, all surrounding facts and circumstances must be considered. State exrel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464,466, citing Marion Production Credit Assn. at 271.
In the instant case, the suggestion of death was filed on May 12, 1997. Appellee filed a motion to dismiss on October 14, 1997. Appellant filed a motion to enlarge time on November 24, 1997.
On November 7, 1997, a hearing was held on appellee's motion to dismiss. At the hearing, appellant argued that the basis for his failure to file a motion to substitute the proper party was that the personal representative was unknown and unnamed. On November 6, 1997, appellant's counsel first checked the records of the probate court and found that there had been no estate opened in Cuyahoga County. Appellant never contacted the appellee's counsel to inquire as to whether an estate had been opened and a personal representative appointed.
Appellant's argument that he had no duty to move for substitution of the deceased party, since appellant did not know the identity of the personal representative, is without merit. This court has found no Ohio case law which places the burden on the moving party to actually name the substituted party. Rather, it is the responsibility of the trial court, once a motion to substitute an unnamed party has been filed, to order substitution of the proper party. See Abood v. Nemer (June 10, 1998), Summit App. No. 18537, unreported; Kelly v. Greene (Oct. 6, 1994), Cuyahoga App. No. 66359, unreported.
Based on the above facts, the trial court did not abuse its discretion when it found no excusable neglect and denied appellant's motion for enlargement of time. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs are assessed against appellant.
JUDGMENT AFFIRMED.