[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On June 2, 1999, plaintiff-appellant John Burke filed a claim for age discrimination and wrongful discharge against his former employer, defendant-appellee Dayton Heidelberg Distributing Co. ("Heidelberg"). On June 7, 1999, the summons and complaint were served on Heidelberg's statutory agent at the company's Dayton, Ohio, location. When Heidelberg failed to timely file an answer, Burke moved for default judgment. On August 2, 1999, a magistrate issued a decision recommending that Burke be awarded default judgment in the amount of $122,315.
Before the trial court could convert the magistrate's recommendation into a judgment, however, Heidelberg moved under Civ.R. 6(B) for leave to file an answer out of time. In support of the motion, Heidelberg attached affidavits detailing the circumstances that had given rise to its failure to timely file an answer. According to the affidavits, Heidelberg's statutory agent was out of the office on business when the complaint and summons were initially served. Moreover, the temporary receptionist who had signed for the materials failed to properly forward the materials within the company, because she did not appreciate their significance and was not familiar with the procedure for handling such matters. Heidelberg also noted that Burke's counsel had been in contact with its attorneys following Burke's discharge, but had never revealed that he intended to file or had already filed a lawsuit on Burke's behalf. Finding Heidelberg's motion to be well taken, the trial court permitted it to file an answer.
The case then proceeded to trial on the merits. At the close of Burke's case-in-chief, the trial court directed a verdict in favor of Heidelberg.
In his sole assignment of error on appeal, Burke contends that the trial court abused its discretion in granting Hielelberg's motion for leave to file its answer out of time. We find no merit to this contention.
Civ.R. 6(B)(2) provides that, "[w]hen by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." Burke contends that the trial court erred in concluding that Heidelberg's neglect was excusable. We disagree.
It is within the sound discretion of the trial court to grant or deny a Civ.R. 6(B)(2) motion. In the absence of an abuse of discretion, we will not disturb the trial court's determination on appeal.[1] The Ohio Supreme Court has stated that a "determination of whether neglect is excusable or unexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than on procedural grounds."[2] Moreover, the court recognized that the test for excusable neglect under Civ.R. 6(B) is far less stringent than the test for excusable neglect under Civ.R. 60(B).[3]
Having reviewed the record, we are unable to conclude that the court abused its discretion either in determining that Heidelberg's neglect was excusable or in granting its motion for leave to file an answer. We find this case distinguishable from the case of Miller v. Lint. There, a trial court permitted an answer to be filed out of time by a defendant who had not moved for leave to file an answer and who had not presented any evidence of excusable neglect. In reversing the judgment, the Ohio Supreme Court noted that a trial court had broad, but not unlimited, power under Civ.R. 6(B), and that a showing of excusable neglect is necessary before a party can be permitted to file an answer out of time[4]. Here, Heidelberg had made the requisite showing. Accordingly, we overrule the assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Miller v. Lint (1980), 62 Ohio St.2d 209, 404 N.E.2d 752.
[2] Marion Production Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265,533 N.E.2d 325; accord State ex rel. Lindenschmidt v. Butler Cty. Bd. ofCommrs. (1995), 72 Ohio St.3d 464, 650 N.E.2d 1343.
[3] See Lindenschmidt, supra.
[4] See Miller, 62 Ohio St.3d at 214, 404 N.E.2d at 755.