OPINION
Defendant, Charlotte L. Rhoades, appeals from the judgment of the Franklin County Court of Common Pleas granting default judgment in favor of plaintiff, James E. Black. For the reasons adduced below, we affirm the trial court's judgment.
The record reveals that on September 7, 1999, plaintiff filed a complaint for declaratory judgment and injunctive relief against defendant and others seeking a declaration as to the priority of competing claims by creditors of Melvin K. Oakes in Mr. Oakes' interest in two limited partnerships. Defendant was personally served with a copy of the summons and complaint on September 14, 1999, and the return of service was filed on September 15, 1999. Plaintiff secured a temporary restraining order, and the matter was set for hearing before a magistrate on plaintiff's request for a preliminary injunction. Plaintiff, defendant and their respective counsel appeared at the hearing; Mr. Oakes appeared pro se. As a result of the hearing, the parties entered into an agreed preliminary injunction, pursuant to which Mr. Oakes' interest in the partnerships, upon liquidation, was escrowed into an interest-bearing account maintained by defendant's counsel.
By letter dated June 26, 2000, plaintiff's counsel reminded defendant's counsel that no answer had been filed by or on behalf of defendant and requested that an answer and motion for leave to file be prepared and served. On August 17, 2000, having received no answer to the complaint from defendant, plaintiff filed a motion for default judgment and served counsel for defendant. Plaintiff argued that he was entitled to default judgment because defendant had yet to file an answer to his complaint, despite the fact that the twenty-eight days provided for service of an answer in Civ.R. 12(A)(1) had long since expired, and despite the fact that plaintiff's counsel contacted defendant's counsel on June 26, 2000, and requested that an answer be prepared and served.
On August 21, 2000, defendant filed a motion for leave to file an answer instanter in which she maintained that her failure to file a timely answer to plaintiff's complaint did not constitute a "flagrant disregard of the [civil] rules" such that she should be denied the opportunity to fully defend the allegations raised in plaintiff's complaint. Specifically, defendant argued that because her counsel was busy preparing for the preliminary injunction proceedings and participating in discovery with plaintiff's counsel, he overlooked the fact that no answer had been filed in response to plaintiff's complaint. Defendant argued that plaintiff would not be prejudiced by the filing of an untimely answer because the parties had engaged in extensive discovery pursuant to which plaintiff was made aware of all defenses and claims asserted in defendant's proposed answer and counterclaim. In addition, defendant argued that permitting her to file an answer would result in no undue delay in the proceedings, as the matter had yet to be scheduled for trial.
In his memorandum contra defendant's motion for leave to file an answer instanter, plaintiff argued that the assertion of an answer, which included defenses and a counterclaim, over eleven months after the filing of the complaint and only twenty-three days before the scheduled trial was prejudicial to plaintiff and constituted a complete disregard of the civil rules.
By decision filed August 23, 2000, the trial court denied defendant's motion and granted plaintiff's motion for default judgment. The trial court cited three reasons in support of its decision: (1) at the time plaintiff filed the complaint, a trial date of September 13, 2000, was assigned, and defendant was notified of the date via the "clerk's original case schedule" ("case schedule") generated pursuant to Franklin County Local Rule ("Loc.R.") 39.01; (2) defendant was made aware of the fact that no answer had been filed via the June 26, 2000 letter from plaintiff's counsel, yet failed to move the court for leave to file an answer until August 21, 2000, four days after plaintiff filed his motion for default judgment and less than three weeks before trial; and (3) plaintiff would be substantially prejudiced by the filing of an answer and counterclaim on the eve of trial.
Defendant filed a motion for reconsideration on August 28, 2000, in which she challenged the trial court's assertion that the filing of an answer three weeks before trial would prejudice plaintiff. Specifically, defendant argued that she was unaware that the case had been set for trial, having never received notice of the trial via the case schedule or otherwise. In support of her argument, defendant attached her affidavit attesting that she was never served with notice of the trial date and was otherwise unaware that a trial date had been set in the case until August 25, 2000, when her counsel faxed her a copy of the case schedule and asked if it had been served upon her. In addition, counsel for defendant filed an affidavit attesting that he was unfamiliar with the local practice of establishing a trial date through the case schedule; that defendant was never served with the case schedule in contravention of Loc.R. 39.01; and that counsel was never otherwise made aware of the pending trial date. Counsel further attested that had he been aware of the trial date, he would have been more diligent in filing an answer once he was reminded by plaintiff that no answer had been filed.
The trial court overruled defendant's motion for reconsideration on September 20, 2000. The court noted that defendant and her counsel, having appeared at the preliminary injunction hearing, had ample opportunity to obtain a copy of the case schedule in order to determine the trial date. Moreover, the court, noting defense counsel's obligation to familiarize himself with the local rules, found defendant's argument that neither she nor her counsel were familiar with the local rules insufficient to establish excusable neglect. On September 21, 2000, the trial court journalized an entry denying defendant leave to answer and granting plaintiff default judgment. Defendant timely appeals the trial court's judgment and advances two assignments of error:
 [1.] The trial court erred in overruling appellant's motion for leave to file an answer out of time instanter.
 [2.] The trial court erred in granting plaintiff's motion for default judgment as defendant-appellant Rhoades had appeared in the action and defended the claims asserted in plaintiff's complaint.
By the first assignment of error, defendant contends that the trial court erred in failing to grant her leave to file an answer instanter.
Civ.R. 12(A)(1) provides, in pertinent part, that: "[t]he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him * * *." Civ.R. 1(A) states that the Ohio Rules of Civil Procedure must be followed "* * * in all courts of this state in the exercise of civil jurisdiction at law or in equity * * *" except as indicated in Civ.R. 1(C), which is inapplicable to the instant case. Thus, pursuant to Civ.R. 1(A) and 12(A)(1), defendant was obligated to serve an answer to plaintiff's complaint for declaratory judgment within twenty-eight days of service of the summons and complaint upon her. It is clear from the record that not only did defendant fail to file an answer within the proscribed time period, her motion for leave to file an untimely answer was filed over eleven months after service of the complaint.
Civ.R. 6(B) states in pertinent part:
 When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.
It is well-settled that a trial court may permit the filing of an untimely answer where the record contains sufficient evidence of excusable neglect. State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 465. "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." Id. at 466. In determining whether neglect is excusable or inexcusable, a trial court "must take into consideration all the surrounding facts and circumstances, and * * * must be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds." Fowler v. Coleman (Dec. 28, 1999), Franklin App. No. 99AP-319, unreported. In addition, "a trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies an attitude than is unreasonable, arbitrary or unconscionable. Id., citing Rock v. Cabral (1993),67 Ohio St.3d 108, 112.
Defendant admits that her failure to file an answer was an oversight. Clearly, this amounts to an admission of neglect. The principal question then resolves to whether such neglect was "excusable" within the meaning of the preceding authority.
Defendant first posits that the failure of the trial court and/or plaintiff to notify her of the trial date, via the case schedule or otherwise, excuses her neglect in failing to file a timely answer to the complaint. We do not agree.
Initially, we note that whether or not defendant received a copy of the case schedule, the local rules provide for the automatic generation of a trial date. Specifically, Loc.R. 37.01 and 37.02 provide that, with certain exceptions (inapplicable to the within case), all civil cases are placed on a twelve-month primary track. Loc.R. 39.05 provides that trial dates are set fifty-two weeks from the filing of the complaint. Accordingly, the local rules place all persons on notice that trial on the matter will be held approximately twelve months from the date of filing. As the trial court noted, counsel's failure to familiarize himself with the local rules does not constitute excusable neglect. Moon v. Northwest Airlines, Inc. (June 13, 2000), Franklin App. No. 99AP-1104, unreported.
Moreover, whether or not defendant received a copy of the case schedule or was otherwise notified of the trial date is irrelevant to the issue of whether defendant timely filed her answer to the complaint. As noted previously, Civ.R. 12(A)(1) required defendant to serve an answer within twenty-eight days of service of plaintiff's complaint. Defendant's knowledge (or lack thereof) of the trial date does not modify defendant's obligation to file an answer in any way.
Defendant relies upon the case of Nat'l. Church Residences of Worthington v. Timson (1992), 78 Ohio App.3d 798, for the proposition that the lack of notice of the trial date constitutes excusable neglect. Nat'l. Church Residences is inapposite, however, as it dealt with the trial court holding a forcible entry and detainer trial without the defendant being present due to defendant's lack of notice of the trial date. On appeal, this court relied upon R.C. 1923.07, finding that where a party was not notified of the trial date, the cause could not be heard under R.C. 1923.07. In the instant case, there was no trial and no attempt to hold a final hearing under R.C. 1923.07. We find unavailing defendant's attempt to assert Nat'l. Church Residences for the proposition that without notice of the trial date, a defendant may reasonably believe that no answer need be filed to a plaintiff's complaint.
Defendant next maintains that plaintiff would suffer no prejudice by the late filing of the answer and counterclaim. Defendant argues that because the parties had already engaged in extensive discovery, defendant's proposed answer contained no new defenses or claims that had not been previously discussed between the parties during the discovery process. Plaintiff disputes that he was aware of all of defendant's potential defenses and claims, as defendant did not fully comply with all of plaintiff's discovery requests. The discovery is not part of the record on appeal; thus, we find no merit to defendant's contention on this issue. Furthermore, upon review of the record, we note that defendant's proposed pleading contains seven affirmative defenses and a counterclaim. The tactical disadvantage to plaintiff in permitting such an answer and counterclaim to be filed only three weeks before trial is clear.
Finally, we find two facts to be of great significance. First, defendant failed to file the motion for leave to file his answer for eleven months after the answer was due, and for almost two months after plaintiff pointed out defendant's failure to file an answer. Defendant's counsel offers no explanation for the delay, other than that he felt no urgency to file the pleading because he was unaware that a trial date had been set. Second, and of greater importance, is the fact that defendant failed to file the motion before plaintiff filed his motion for default judgment. As noted by the court in Thomas v. Thousand Adventures of Ohio, Inc. (Feb. 10, 2000), Wyandot App. No. 16-99-07, unreported:
 * * * The Ohio Supreme Court, in Evans v. Chapman [(1986), 29 Ohio St.3d 132, 135], found it significant that no default motion was pending at the time the appellee therein filed a Civ.R. 6(B) motion for leave to file an answer brief instanter. Id. at 135 * * *. In explaining Chapman, the Supreme Court in Marion Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265 * * * recognized that "[a]lthough a party is under no obligation to seek a judgment by default upon a counterclaim where no reply thereto has been filed, it cannot be denied that a decision not to seek such a judgment, for whatever reason, weighs in favor of granting leave to reply. Until a motion for default is filed, it is presumed that the complaining party is not entitled to a default judgment, which fact serves to enlarge the discretion of the trial court to allow a delayed responsive pleading." Id. at 272 * * *. It follows then that the converse is as equally compelling. That is, when a motion for default judgment has been filed and thereafter a motion for extension of time within which to file an answer is filed, the decision to seek default judgment prior to the filing of the motion for extension serves to narrow the discretion of the trial court to allow a delayed responsive pleading. * * *
In short, considering all the surrounding facts and circumstances presented to the trial court, including defendant's undisputed noncompliance with the Ohio Rules of Civil Procedure, the absence of excusable neglect for such noncompliance, and the fact that defendant failed to file a motion for leave to file an answer for eleven months after the due date, almost two months after plaintiff reminded her of her failure to file an answer, and four days after plaintiff filed his motion for default judgment, we find that the trial court did not abuse its discretion in denying defendant leave to file an answer to the complaint. Accordingly, the first assignment of error is not well-taken.
By the second assignment of error, defendant contends that the trial court abused its discretion in granting plaintiff's motion for default judgment.
Default judgment is the subject of Civ.R. 55(A), which states, in pertinent part:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *.
A default judgment is proper only when a defendant has not contested a plaintiff's allegations by pleading in a timely manner, or "otherwise defend[ing]" such that no issues are present in the case. Reese v. Proppe (1981), 3 Ohio App.3d 103, 105. A trial court's decision to grant a motion for default judgment will not be reversed absent an abuse of discretion. Huffer v. Cicero (1995), 107 Ohio App.3d 65, 74.
The trial court granted plaintiff's motion on the basis that defendant had "failed to answer or otherwise defend in accordance with the Civil Rules." (8/23/2000 Decision, pg. 4.) Defendant argues that the trial court abused its discretion in so finding. Specifically, defendant maintains that by appearing at the preliminary injunction hearing and later engaging in discovery with plaintiff, she "otherwise defend[ed]" the claim such that plaintiff was not entitled to a default judgment. Defendant cites no authority for this proposition.
The phrase "otherwise defend" is not defined in Civ.R. 55(A). However, in Reese, supra, at 106, the court explained the phrase:
 * * * The words "otherwise defend" refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits. * * *
As to defendant's contention that she "otherwise defend[ed]" the claim by engaging in discovery, we reiterate that plaintiff disputes that defendant provided the alleged discovery and the discovery is not part of the record before this court. Accordingly, we find no merit to defendant's contention in this regard. Further, we do not find that the language "otherwise defend" contemplates either participating in the discovery process or appearing at a preliminary injunction hearing. "Attacks on service, or motions to dismiss, or for better particulars" involve challenges to the jurisdiction of the trial court. The alleged "defense" defendant claims to have raised in discovery and espoused at the preliminary injunction hearing raises substantive, not jurisdictional issues. See Miles v. Horizon Homes, Inc. (Oct. 17, 1991), Cuyahoga App. No. 61379, unreported; Wabeeck Leasing Corp. v. Unissco, Inc. (June 6, 1985), Cuyahoga App. No. 49198, unreported; Williams v. Cleveland (Dec. 14, 1989), Cuyahoga App. No. 56408, unreported.
Since defendant neither timely pleaded nor otherwise defended herself with regard to plaintiff's complaint and since defendant was served with adequate written notice of the application for default judgment prior to the entry of the default judgment,[1] we cannot find that the trial court abused its discretion in granting plaintiff's motion for default judgment. Accordingly, the second assignment of error is not well-taken.
For the foregoing reasons, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
 ___________________ PETREE, J.
KENNEDY McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The record reflects that defendant was never served with written notice of the date and time of the default hearing, which is fixed by the assignment commissioner with the concurrence of the trial judge. Loc.R. 55.01 of the Franklin County Court of Common Pleas provides that a party against whom judgment by default is sought is entitled to such notice if the party has "appeared" in the action. It is our view that defendant's participation in the preliminary injunction hearing constitutes an "appearance" as contemplated by Loc.R. 55.01. Thus, it appears that defendant was entitled to notification of the date and time of the default hearing prior to the entry of the default judgment. However, defendant does not contend on appeal that the trial court erred in granting default judgment without first providing the requisite notice. Accordingly, defendant has waived any such argument.