OPINION
{¶ 1} Appellant the City of Louisville appeals two judgments of the Court of Common Pleas of Stark County, Ohio, entered in favor of appellee the Stark County Board of Commissioners. The court held the City of Louisville had no standing to appeal the Board's decision to vacate a county road.
{¶ 2} The City assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR {¶ 3} I. THE REVIEWING COURT MADE A MISTAKE OF LAW BY DISMISSING BOTH APPEALS, AND THUS BOTH MEANS OF REVIEWING AN ADMINISTRATIVE DECISION BY THE STARK COUNTY BOARD OF COMMISSIONERS AND THUS CREATING PREJUDICIAL ERROR.
 {¶ 4} II. THE REVISED CODE SECTION 5563.01 ET SEQUENTES IS [SIC] UNCONSTITUTIONAL IN THE EVENT THAT APPELLANT DOES NOT HAVE A MEANS OF JUDICIAL REVIEW.
{¶ 5} The record indicates the Board of County Commissioners vacated an unimproved portion of Pilot Knob Street N.E. in Nimishillen Township. Before doing so, the Board sent notices to property owners of land abutting the street to be vacated, published the proposed vacation, and submitted what it refers to as a courtesy notice to the Nimishillen Township Board of Trustees and the City of Louisville. The Board held a hearing on May 9, 2001, and adopted a resolution to proceed with the vacation, finding it would serve the public convenience and welfare.
{¶ 6} The City of Louisville filed two notices of appeal, one taken pursuant to R.C. 5563.02, and another taken under R.C. 2506.01 et seq. The two appeals were consolidated by the trial court, which also granted Nimishillen leave to join.
{¶ 7} The Board and Nimishillen moved the court to dismiss the R.C. 2506.01 appeal because, they argued, the exclusive method of appeal from a resolution to proceed with road improvements is pursuant to R.C.5563.01. The trial court agreed, and dismissed the R.C. 2506.01 appeal. The court also dismissed the R.C. 5563.01 appeal on the grounds that the City of Louisville lacks standing to bring the appeal because it is not a person, firm, or corporation, within the meaning of the statute.
{¶ 8} Pilot Knob is an unimproved township road running generally north to south just west of the city limits of Louisville, and entirely in Nimishillen Township. The area which was vacated consists of a half street. The east line of the half street is also the corporation line of the City of Louisville. Louisville lies entirely to the east of the half street and Nimishillen Township lies entirely to the west, including the half street. There is presently no street, improved or unimproved, in Louisville which corresponds to Pilot Knob.
{¶ 9} At the point the Board vacated Pilot Knob, the road is intersected by an improved cross street named Rosedale Street N.E., which lies wholly within the township. If Rosedale Street were extended to the east from Pilot Knob, it would enter private property situated within the corporate limits of Louisville.
{¶ 10} The City of Louisville concedes it owns no land contiguous to the road the Board vacated. No person, firm, or corporation owing land contiguous to the road being vacated has appealed the Board decision. The reason for the City of Louisville's appeal is that there is a nearby parcel of land on which the developer proposed to construct single family homes, in the City of Louisville. The developer of the property purposed constructing a new street connecting to Rosedale Street. The City of Louisville argues this planned construction would have prevented additional dead end roads, provided for public convenience, and clear access for safety and rescue vehicles which would benefit both the township and the city. The Board's decision to vacate the road affects the proposed development.
 I
{¶ 11} In its first assignment of error, the City argues the trial court was incorrect as a matter of law in dismissing both its appeals.
{¶ 12} All parties agree our standard of review is de novo, seeNationwide Mutual Fire Insurance Company v. Guman Brothers Farm (1995),73 Ohio St.3d 107.
{¶ 13} In its judgment entry of August 9, 2001, the trial court found R.C. 5553 and 5563 must be considered special statutes specifically dealing with the vacation of county roads, and the rights of appeal therefrom, State ex rel. Lindenschmidt v. Board of Commissioners ofButler County (1995), 72 Ohio St.3d 464; Rutherford v. Board of CountyCommissioners (April 23, 2001), Stark Appellate No. 00-CA-00060, unreported. The trial court found R.C. 307.56 and Chapter 2506 are general statutes, and as such do not apply. A special statutory provision which applies to a specific subject constitutes an exception to the general statutory provision covering other subjects as well, opinion at 2, citations deleted.
{¶ 14} We find the trial court properly dismissed the appeal brought pursuant to R.C. 2506.01.
{¶ 15} The issue of standing under R.C. Chapter 5563 is less settled.
{¶ 16} R.C. 5563.02 provides any person, firm or corporation interested in the final order or judgment of the Board of County Commissioners may make any road improvement may appeal, among other things, the order establishing the proposed improvement. The parties agree "improvement" includes vacating a road.
{¶ 17} The trial court cites several attorney general opinions as authority for the proposition the phrase, "person, firm, or corporation" does not include a city.
{¶ 18} We find it unnecessary to construe the statute. Regardless of whether the City of Louisville is a person, firm or corporation which has the capacity to appeal a road improvement decision, we find the City cannot demonstrate it has an interest in the proceedings.
{¶ 19} The Board of Commissioners cites to Midwest FireworksManufacturing Company, Inc. v. Deerfield Township Board of ZoningAppeals (2001), 91 Ohio St.3d 174, wherein the Supreme Court found a party has standing to appeal only if the party is aggrieved by the final order. The Supreme Court explained an aggrieved party is one whose interest in the subject matter of the litigation is immediate, and pecuniary. Thus, a person who cannot demonstrate a present interest in the subject matter of the litigation, which has been prejudiced by the judgment, has no standing to appeal the judgment, Midwest FireworksManufacturing, citations deleted.
{¶ 20} We find the City of Louisville has failed to demonstrate it has a present interest. To the contrary, the City's interest is in future planning and in anticipated developments.
{¶ 21} The first assignment of error is overruled.
 II
{¶ 22} In its second assignment of error, the City of Louisville argues R.C. 5563.01, et seq., are unconstitutional if we construe them to mean the City has no right to appeal this order.
{¶ 23} The Board of Commissioners urges us to review the record, alleging the question of the constitutionality of the statute was not raised before the court of common pleas. Our review of the record indicates while the issue was raised in the companion case, that case is not before us.
{¶ 24} A constitutional argument cannot be raised for the first time on appeal, see e.g., Howard v. Seidler (1996),116 Ohio App.3d 800.
{¶ 25} The second assignment of error is overruled.
{¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, are affirmed.
By GWIN, J., and BOGGINS, J., concur, HOFFMAN, P.J., dissents.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgments of the Court of Common Pleas of Stark County, Ohio, are affirmed. Costs to appellant.