While I concur with the majority with respect to appellant's second assignment of error, I respectfully dissent as to the first assignment of error.
Appellee failed to file a timely answer in this case. The trial court generously granted appellee an additional 30 days to answer, even though appellee was tardy and out of rule in requesting such extension.
Despite the trial court's generosity, appellee failed to file her answer until three months later. The claimed excuse for such tardiness was appellee's alleged financial inability to retain counsel. This "excuse" lacks merit under the circumstances. Appellee never explained why appellee's counsel, retained on May 30, 2000, failed to file an answer or motion for additional time to answer as soon as he was retained. The failure to take any action until almost 3 months later (August 24, 2000) is inexcusable. Appellee's other failures to abide by other court deadlines only reinforces this conclusion.
A defendant is required to serve his or her answer within 28 days after service of the summons and complaint. Civ.R. 12(A)(1). Service of the complaint was perfected upon appellee on April 27, 2000. Appellee's answer was due on May 25, 2000. Appellee filed a stipulation for leave to answer on May 30, 2000. She did not file her answer until September 6, 2000. Appellee's answer obviously was filed well past the date required by Civ.R. 12(A)(1) and the court's extension of that filing deadline.
Civ.R. 6(B) applies to any enlargement of time in which a party may comply with the civil rules. Civ.R. 6(B) provides that, after the expiration of the specified time period, a trial court may extend the time if a party files a motion for such and the failure to file within rule was the result of "excusable neglect." A court may permit a defendant to file an untimely answer where there is sufficient evidence of excusable neglect on the record. State ex rel. Lindenschmidt v. Bd. ofCommrs. of Butler Cty. (1995), 72 Ohio St.3d 464, 465. The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than on procedural grounds. MarionProduction Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 271. Neglect has been described as conduct that falls substantially below what is reasonable under the circumstances. State ex rel. Weiss v. Indus.Comm. (1992), 65 Ohio St.3d 470, 473.
A Civ.R. 6(B)(2) determination is within the sound discretion of the trial court. A reviewing court will not disturb that decision unless an abuse of discretion is shown. Lindenschmidt, supra. An abuse of discretion connotes more than an error of law or judgment; rather it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108.
Appellee's stipulation for leave to answer was filed on May 30, 2000, or 5 days past when her answer had been due. The stipulation offers no explanation at all as to why any neglect in filing a timely answer was excusable. Even so, the trial court benevolently gave appellee until June 30, 2000, to plead, answer, or otherwise respond to appellant's complaint. Appellee did not file her answer before or on that date, but waited until August 24, 2000, before filing a motion for leave to file an answer instanter. In the motion, appellee claimed service of the complaint was perfected on May 1, 2000, although the record shows service was obtained on April 27, 2000. Appellee also stated a local rule permitted her until June 1, 2000, to answer the complaint. No mention of Civ.R. 12(A)(1) is made in the motion. Appellee argued her neglect was excusable under Civ.R. 6(B) because she lacked the financial ability to retain counsel.
The lack of legal counsel does not constitute excusable neglect.Rudloff v. Rudloff (Aug. 26, 1999), Mahoning App. No. 96 CA 60, 1999 Ohio App. LEXIS 4117. Moreover, a person's belief that a suit is frivolous does not allow a party to disregard judicial service. Buckeye Supply Co. v.Northeast Drilling Co. (1985), 24 Ohio App.3d 134.
Appellee offered no legitimate explanation which would excuse her failure to answer within rule or request another extension within rule. Her stipulation for leave to answer never mentioned why her answer was not filed on time. Even after being granted an enlargement of time by the court, appellee still did not file within that time period. Her motion to file an answer instanter gave no explanation for her failure to answer by June 30, 2000.
What is apparent from the file before this court, is that appellee demonstrated a lack of regard for procedures and deadlines throughout the proceedings below. She did not answer appellant's interrogatories until well after a motion to compel was filed. Appellee had to file a motion for leave to file summary judgment instanter after disregarding the filing date set by the court. The only reason given was the claimed hectic nature of her counsel's practice and the holiday season. If we cavalierly accept these excuses for dilatory litigation conduct, we might as well shut the courthouses down during the last two weeks of the year. This dilatory conduct evidences an unacceptable disregard for the legal system and the integrity of judicial process.
Because appellee did not demonstrate excusable neglect in answering out of rule, the trial court abused its discretion by granting first her stipulation for leave to answer and then granting her belated Civ.R. 6(B) motion.