[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee Mary Kolsto filed a complaint on September 7, 2001, against defendants-appellants Old Navy, Inc., and The Gap, Inc., alleging various theories of negligence relating to a claimed slip-and-fall incident at an Old Navy store in Cincinnati, Ohio, on January 6, 2000. Kolsto served the complaint upon the companies' statutory agent, who received the complaint by certified mail on September 14, 2001. When Old Navy and the Gap did not file an answer within twenty-eight days of service, Kolsto moved for default judgment. A hearing was held before a magistrate on October 23, 2001. The magistrate awarded default judgment to Kolsto in the amount of $400,000.
On October 29, 2001, counsel for Old Navy and The Gap contacted Kolsto's counsel and asked that the default judgment be set aside. When Kolsto denied their request, counsel for Old Navy and The Gap filed a motion for relief from judgment on October 31, 2001, and entered an appearance the following day. On November 7, 2001, Old Navy and The Gap moved to file an answer out of time. In their motion, they argued that their failure to timely file an answer was due to excusable neglect. They contended that their statutory agent had sent the complaint by overnight mail to their insurer, Zurich North America, but that a new claims handler, who was unfamiliar with Zurich's paperless mail system, did not receive the complaint until October 29, 2001. The claims handler then immediately contacted defense counsel, who then took prompt action in the case.
On November 8, 2001, Old Navy and The Gap filed objections to the magistrate's decision. On November 14, 2001, the trial court denied Old Navy and The Gap's motion for relief from judgment. On November 27, 2001, the trial court overruled Old Navy and the Gap's motion for leave to file an answer out of time and granted default judgment to Kolsto. Old Navy and The Gap now raise three assignments of error on appeal.
In their first assignment of error, Old Navy and The Gap argue that the trial court erred in not granting their Civ.R. 60(B) motion to set aside the default judgment. The record reveals that Old Navy and The Gap filed their Civ.R. 60(B) motion after the magistrate had awarded default judgment in favor of Kolsto. On November 14, 2001, the trial court denied the motion, as premature because it had not yet entered judgment in accordance with the magistrate's decision. Because Old Navy and the Gap have not appealed from the trial court's entry denying their Civ.R. 60(B) motion,[1] we cannot review that judgment of the trial court. Accordingly, we must overrule the first assignment of error.
In their second assignment of error, Old Navy and The Gap contend that the trial court abused its discretion when it failed to grant their motion to file an answer out of time. In their third assignment of error, Old Navy and The Gap challenge the magistrate's finding of damages in the amount of $400,000. They argue that the trial court erred in approving the magistrate's decision and entering default judgment for Kolsto when she did not present any expert testimony about her alleged injuries. This assignment becomes moot in light of our disposal of the second assignment of error.
Civ.R 6(B)(2) provides that a trial court may grant a motion to file an answer out of time if the moving party shows excusable neglect.[2]
Excusable neglect under Civ.R. 6(B)(2) "has been described as conduct that falls substantially below what is reasonable under the circumstances."[3] When determining whether neglect is excusable or inexcusable, the trial court must take into consideration all the surrounding facts and circumstances.[4] The test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B).[5] Both parties agree that our standard of review is abuse of discretion.[6] Under this standard, Old Navy and The Gap must show that the trial court's decision was unreasonable, arbitrary or unconscionable.[7]
In its opinion overruling the motion to file an answer out of the time, the trial court relied upon the Ohio Supreme Court's decision inGriffey v. Rajan[8] and this court's application of Griffey
in Shears v. H.V.C., Inc.[9] to conclude that Zurich's failure to timely route the complaint to defense counsel was inexcusable neglect. Old Navy and the Gap argue that the trial court's reliance onShears was misplaced because the circumstances surrounding their failure to timely answer Kolsto's complaint were distinguishable from those in Shears. We agree.
In Griffey, the Ohio Supreme Court held that, for purposes of a Civ.R. 60(B)(1) motion for relief from a default judgment on the grounds of excusable neglect, an insurance company's neglect in failing to file an answer or other responsive pleading is imputable to its insured.[10]
The supreme court further held that the trial court does not abuse its discretion in finding inexcusable neglect if it is evident from all the facts and circumstances that the defendant or his agents exhibited, either intentionally or unintentionally, a disregard for the judicial system and the rights of the plaintiff.[11]
In holding that the defendant and his insurance company's inactions constituted a complete disregard for the plaintiff's rights and the judicial system, the supreme court focused on the fact that fifty-one days had passed between the answer day and the date when the plaintiff moved for a default judgment.[12] During this time the defendant's insurance company had failed to make any response on his behalf. The supreme court rejected the defendant's argument that the insurance company's neglect in failing to file any response was due to a "breakdown in routine channels of communication."[13]
In Shears, we reversed the trial court's order granting an employer's motion for relief from judgment and reinstated the trial court's entry granting default judgment to the employee. In doing so, we analogizedShears to Griffey. In Shears, counsel for an injured employee had contacted the company where the employee worked and told it about the employee's alleged injury. The employer then contacted its insurance carrier, who, in turn, telephoned plaintiff's counsel. Six months later, the employee's counsel mailed copies of the employee's medical records and bills to the employer's insurance carrier. When the insurance carrier offered no settlement, plaintiff's counsel filed suit and obtained service of process on the employer. Plaintiff's counsel also mailed a copy of the complaint to corporate counsel for the employer's parent corporation, who then forwarded the complaint to the employer's insurance carrier.
Twenty-nine days later, the employee moved for default judgment. The magistrate rendered a decision on August 11 in favor of the employee. The employee's counsel then mailed a copy of the magistrate's decision to corporate counsel for the employer's parent corporation. The trial court subsequently entered default judgment. On September 9, counsel for the employer filed a motion for relief from judgment, which the trial court granted. In reversing the trial court's decision in Shears, we focused on the fact that both the insurer and the insured knew a complaint had been filed. We held that this, along with the insurance carrier's careless misfiling of the complaint, its failure to timely secure counsel, and its failure to object to the magistrate's decision, constituted inexcusable neglect.
Having reviewed the record, we find substantial differences between this case and Shears. First, in Shears, the employee's counsel contacted the employer and its insurance carrier several times prior to filing a lawsuit. The employee's counsel even contacted the insurance carrier four days before the statute of limitations on the claim was about to expire and discussed the impending deadline with an insurance adjuster. There is no evidence in the record that the claims handler for Zurich had any expectation that a lawsuit was about to be filed against Old Navy and The Gap. Both Old Navy and The Gap and their counsel were unaware of any claim before it was received. Second, in Shears, in addition to obtaining service of process on the employer, the employee's counsel also mailed a copy of the complaint to corporate counsel for the employer's parent corporation. In this case, counsel for Old Navy and The Gap was unaware of the filing of the complaint until notified after the answer date. Third, the trial court had already granted the motion for default judgment when counsel first appeared in Shears. In this case, the default-judgment motion was still pending before the trial court when defense counsel entered an appearance, filed a number of motions, and met with the court. Fourth, the insurance company did not contact counsel for 29 days after it learned of the suit in Shears, and once after counsel was contacted, he did not object to the magistrate's decision. In this case, once the pleadings were discovered, counsel was contacted immediately. Then defense counsel immediately filed a notice of appearance and motions were faxed to the court, including an objection to the magistrate's report. Plaintiff's counsel was also contacted by the defense right away.
After reviewing the facts and circumstances surrounding the actions of Old Navy and The Gap, their insurance company, and defense counsel, we cannot say they demonstrated a complete disregard for the judicial system. Old Navy and The Gap took immediate action after the complaint was discovered. They entered an appearance nineteen days after their answer was due and before the judgment had been entered. Consequently, we hold that the trial court was unreasonable in not granting their motion to file an answer out of time. As a result, we sustain the second assignment of error, reverse the judgment of the trial court and remand the case to the trial court for further proceedings in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Winkler, JJ.
[1] The record reveals that Old Navy and the Gap filed a second Civ.R. 60(B) motion after they had filed a notice of appeal with this court. But, once Old Navy and the Gap had filed their notice of appeal, the trial court was without jurisdiction to entertain their second Civ.R. 60(B) motion. See Howard v. Catholic Social Services of Cuyahoga Cty.,Inc., 70 Ohio St.3d 141, 147, 1994-Ohio-219, 637 N.E.2d 890.
[2] State ex rel. Lindenschmidt v. Butler County Board of Commrs.,72 Ohio St.3d 464, 465, 1995-Ohio-49, 650 N.E.2d 1343.
[3] See Davis v. Immediate Medical Services, Inc. 80 Ohio St.3d 10,14, 1997-Ohio-363, 684 N.E.2d 292.
[4] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122, syllabus.
[5] See State ex rel. Lindenschmidt, 72 Ohio St.3d at 466.
[6] See, e.g., Marion Prod. Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, 271, 533 N.E.2d 325.
[7] See Rock v. Cabral, 67 Ohio St.3d 108, 112, 1993-Ohio-__,616 N.E.2d 218.
[8] Griffey, supra.
[9] Shears v. H.V.C., Inc. (June 30, 2000), 1st Dist. No. C-990734.
[10] Griffey, supra, at 78.
[11] See id. at 79.
[12] See id.
[13] Id.