[Cite as *Sherrills v. Enersys Delaware, Inc.*, 2012-Ohio-5183.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   98319

# DENISE SHERRILLS

PLAINTIFF-APPELLANT

vs.

# ENERSYS DELAWARE, INC.

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-771565

**BEFORE:**   E. Gallagher, J., Sweeney, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   November 8, 2012

**FOR APPELLANT**

Denise Sherrills, pro se
21149 North Street
Euclid, Ohio 44117


**ATTORNEYS FOR APPELLEE**

Ellen Toth
Charles F. Billington
Ogletree Deakins Nash Smoak & Stewart, P.C.
127 Public Square
Suite 4130
Cleveland, Ohio   44114

EILEEN A. GALLAGHER, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant
to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** In this accelerated appeal, Denise Sherrills appeals from the decision of the
trial court granting Enersys Delaware Incorporated's ("Enersys") motion for judgment on
the pleadings. Finding no merit to the instant appeal, we affirm the decision of the trial
court.

**{¶3}** App.R. 11.1(A) states in pertinent part:

> The accelerated calendar is designed to provide a means to eliminate delay
> and unnecessary expense in effecting a just decision on appeal by the
> recognition that some cases do not require as extensive or time-consuming
> procedure as others.

**{¶4}** In filing the instant appeal, Sherills filed a docketing statement that
indicated the "appropriate designation for this case" was assignment to the accelerated
calendar. In spite of the foregoing, Sherrills has filed an appellate brief that frustrates
the intention of the accelerated calender. *See* Loc.App.R. 11.1(A)(2)(c). Specifically,
Sherrills' brief is in excess of fifteen pages and contains the following five assignments of
error.

Assignment of Error I

> The judgment of the trial court granting the appellee's pleading and denying
> the appellant's motion for summary judgment was an abuse of discretion.

Assignment of Error II

The trial court erred in dismissing appellant's complaint because plaintiff did not state a claim upon which relief may be granted.

## Assignment of Error III

Trial court abused its discretion because defendants did not demonstrate to the trial court failure to answer was the result of excusable neglect, pursuant to Civ.R. 60(B)(1) & 6B2 [sic].

## Assignment of Error IV

Trial court erred in granting defendant's motion for leave to file to answer amended complaint.

## Assignment of Error V

Trial court erred in denying appellant's default judgment.

{¶5} This appeal will be determined as provided by App.R. 11.1(E) and Loc.App.R.11.1.

{¶6} On October 28, 2011, Sherills obtained a judgment against an Enersys employee and moved to garnish the employee's wages through the Cleveland Municipal Court. Sherrills forwarded the garnishment order to Enersys, which then sent funds garnished from its employee's wages to the Cleveland Municipal Court on December 27, 2011. Believing that Enersys was not complying with the garnishment order, Sherills filed the instant complaint against Enersys on December 16, 2011. Sherrills filed motions for default and summary judgment, and Enersys filed a motion for leave to file an answer, instanter. The trial court denied Sherrills' motions and granted Enersys leave to file an answer. Enersys also filed a motion for judgment on the pleadings, which the trial court granted on April 3, 2012.

**{¶7}** Sherrills appeals, raising the five assignments of error contained in this opinion.

**{¶8}** Sherrills' first assignment of error, which challenges the trial court's grant of Enersys' motion for judgment on the pleadings, is overruled. This court can glean only one purported claim for relief from Sherrills' amended complaint, that Enersys failed to timely comply with the Cleveland Municipal Court's garnishment order regarding its employee. A review of the Cleveland Municipal Court docket reveals that the court began receiving the garnished wages on December 27, 2011, which is within the time constraints of R.C. 2716.041.

**{¶9}** Sherrills' second assignment of error, which challenges the trial court's denial of her motion for summary judgment, is also overruled. Sherrills' underlying motion contained no references to "depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Additionally, the Cleveland Municipal Court docket reveals that Enersys was depositing the garnished wages with the court.

**{¶10}** Sherrills' third and fourth assignments of error challenging the court's decision to grant Enersys' motion for leave to file an answer, instanter, are overruled on the authority of *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.,* 72 Ohio St.3d 464, 650 N.E.2d 1343 (1995). It is apparent from the record that the court did not abuse its discretion in granting Enersys' motion.

**{¶11}** Sherrills' fifth assignment of error, which challenged the trial court's

denial of her motion for default judgment is overruled on the authority of *Pinchak v. Prudhomme*, 8th Dist. No. 94053, 2010-Ohio-3879.   Because Enersys filed a motion for leave to file an answer, instanter, which the trial court granted prior to ruling on the motion for default judgment, the trial court did not abuse its discretion in denying Sherrills' motion.

**{¶12}**   The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR