OPINION
{¶ 1} Plaintiff-appellant, Leonard Esken, appeals the decision of the Preble County Court of Common Pleas to grant summary judgment to appellee, Zurich American Insurance Co. ("Zurich"). Judgment is affirmed in part, reversed in part, and remanded.
 {¶ 2} Appellant is the surviving spouse of Sharon Esken ("Esken"). Zurich issued two accident insurance policies to Esken's employer that covered Esken and other employees. Esken died on February 16, 2002. According to the findings in the coroner's report, the immediate cause of death was "multiple drug intoxication," with two drugs listed. The report also indicated that the injury occurred by "drug overdose," and the manner of death was designated "accident."
 {¶ 3} Zurich denied appellant's claim on both policies, citing the policy exclusion that "a loss shall not be a covered loss if it is caused by, contributed to, or resulted from a purposeful self-inflicted wound."
 {¶ 4} Appellant filed this action to obtain benefits under the two policies. When Zurich failed to file an answer, appellant moved for default judgment. The trial court set the matter for a hearing and notified both parties. In response, Zurich filed for a continuance and later filed a motion for leave to file an answer out of time, claiming excusable neglect in failing to timely answer.
 {¶ 5} The trial court granted Zurich's motion for leave and Zurich filed its answer. Both appellant and Zurich subsequently filed motions for summary judgment. The trial court granted summary judgment to Zurich. Appellant instituted the instant appeal, presenting two assignments of error.
 Assignment of Error No. 1: {¶ 6} "The trial court erred in granting leave to defendant to file an answer out of time and contemporaneously denying plaintiff's motion for default judgment."
 {¶ 7} A defendant must serve his answer within 28 days after service of the summons and complaint upon him. Civ.R. 12(A)(1). Civ.R. 6(B)(2) states that when the civil rules require or allow an act to be done within a specified time, the trial court, for cause shown, may at its discretion and upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.,72 Ohio St.3d 464, 465, 1995-Ohio-49.
 {¶ 8} A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209, 213-214. An "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Lindenschmidt at 465.
 {¶ 9} The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and "courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." Id. at 466. Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B). Id.
 {¶ 10} Zurich argued that the proper personnel did not receive notice of the lawsuit until the company received notice of the default hearing. Zurich acknowledged that appellant did serve Zurich with a copy of the complaint, but argued in its motion that a "temporary" employee acting as relief for the receptionist signed for the complaint, but apparently did not properly forward the complaint.
 {¶ 11} We have reviewed the case law cited by appellant in support of its assignment of error. We are also aware that a default judgment was pending, but had not been entered when Zurich's motion was filed.[1] Further, we are mindful of the admonition for deciding cases on their merits.
 {¶ 12} We cannot say that the trial court abused its discretion in permitting Zurich to file its answer out of time and thereby, impliedly overruling appellant's motion for default judgment. See Takacs v. Baldwin (1995), 106 Ohio App.3d 196,209 (when a trial court fails to rule on a motion, an appellate court generally will presume that it was overruled); seeLindenschmidt at 464; Shore v. Best Cuts, Inc. (Nov. 30, 2000), Cuyahoga App. No. 77340 (a trial court's ruling on a motion for default judgment will not be reversed absent an abuse of discretion). Appellant's first assign-ment of error is overruled.
 Assignment of Error No. 2: {¶ 13} "The trial court erred in granting defendant's motion for summary judgment and contemporaneously denying plaintiff's motion for summary judgment."
 {¶ 14} Appellant argues that the trial court erred in finding that Zurich's determination on insurance coverage was reasonable. Specifically, appellant argues that the decision to deny benefits was unreasonable after consideration of the letter from the coroner, which stated, "[w]e find this death, with the drugs involved and the levels found, to be compatible with an accident." Appellant also suggests in its brief that the trial court may have used the wrong standard of review in its review of Zurich's decision.
 {¶ 15} Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Daubenmire v. Sommers, Madison App. No. CA2003-03-014,2004-Ohio-914, ¶ 78.
 {¶ 16} The parties do not dispute that appellant's claim falls under the Employee Retirement Income Security Act ("ERISA"). Section 502(a)(1)(B) of ERISA,29 U.S.C. § 1132(a)(1)(B), states that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
 {¶ 17} The denial of benefits challenged under ERISA is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone Tire Rubber Co. v. Bruch (1989),489 U.S. 101, 115, 109 S.Ct. 948.
 {¶ 18} The trial court found that the language of the policies did provide the plan administrator, or Zurich, with the discretion to determine eligibility and therefore, the trial court would review Zurich's decision under the "highly deferential arbitrary and capricious" standard. See Sanford v.Harvard Indus., Inc. (C.A. 6, 2001), 262 F.3d 590, 595; ShelbyCounty Health Care Corp. v. Southern Council of Ind. WorkersHealth Welfare Trust Fund (C.A. 6, 2000), 203 F.3d 926, 933 (a decision is not arbitrary and capricious if it is based on a reasonable interpretation of the plan).
 {¶ 19} Unfortunately, the trial court did not indicate the policy language it used to find that Zurich had the discretionary authority to interpret the plan. This is troubling because appellant argues in his brief that he could find no discretionary language in the policy. Zurich points to an endorsement to policy number GTU 29 07 553, which could arguably confer such discretionary authority. However, we cannot locate any such endorsement for policy number GTU 29 07 554 in the record.[2]
 {¶ 20} The resolution of this case depends upon the discretionary policy language and its accompanying standard of review. After reviewing the record presented to this court, it is clear that this case was not ripe for summary judgment. Construing the evidence most favorably for the nonmoving party on the summary judgment motions, reasonable minds could not come to but one conclusion adverse to the nonmoving party. We cannot find that either party is entitled to judgment as a matter of law.
 {¶ 21} We find that further proceedings are necessary for the parties to inform the trial court regarding what policy language, if any, that confers discretionary authority for each policy. Depending upon that finding, the trial court could then determine what standard of review is appropriate in reviewing Zurich's decision for each policy.
 {¶ 22} Accordingly, appellant's second assignment of error is sustained only to the extent that we have determined that summary judgment for Zurich was error. Summary judgment was not appropriate for either party at this time.
 {¶ 23} This cause is affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with law and this opinion.
Young, P.J., and Walsh, J., concur.
[1] The trial court filed an entry indicating appellant's motion for default judgment was "stayed" pending resolution of Zurich's motion for leave to file an answer.
[2] We also note that the trial court stated in its decision that the policies carry an exclusion for "purposeful self-inflicted wound." However, in the policies available to this court, policy GTU 29 07 553 does not include the word "wound."